[Sac. No. 12.   Department One.—January 23, 1896.]

## ROZECRANS GOLD MINING COMPANY, APPEL-LANT, *v.* H. S. MOREY, RESPONDENT.

CORPORATION—DIRECTORS MUST BE STOCKHOLDERS—PURCHASE OF CORPO-RATE PROPERTY—TRUST.—Under section 305 of the Civil Code, a person not a stockholder in a corporation does not become a *de jure* director by being elected to that office, nor by retaining the possession of stock which is put in his name after such attempted election; nor does he become a *de facto* director if he never assumed to act or represented himself as a director, and repudiated the office after being notified of his election.   Such a person does not, by purchasing the corporate property at an execution or tax sale, become charged as a trustee for the corporation.

APPEAL from a judgment of the Superior Court of the County of El Dorado and from an order refusing a new trial.   N. D. ARNOT, Judge.

The facts are stated in the opinion of the court.

*A. Everett Ball, Irwin & Irwin,* and *Van R. Paterson,* for Appellant.

*Williams & Witmer,* for Respondent.

GAROUTTE, J.—This is an action in equity, involving the ownership of certain mining property.   Plaintiff became financially embarrassed, and the property was sold under execution sales, and also sold for nonpayment of taxes.   Deeds passed to Morey, the defendant, under these execution sales, and also under the delinquent tax sale.   Plaintiff appeals from the judgment rendered against it, and also from the order denying its motion for a new trial.

There are many questions discussed by counsel in

their respective briefs, but at the threshold of the case a single matter presents itself, which, upon consideration, we think necessarily points the judgment. The regularity of the proceedings leading up to the execution sales and the tax sale are not attacked, but it is insisted that Morey during all these times was a director and trustee of the corporation plaintiff, and, as such director and trustee, all his dealings with the property of plaintiff must be held to have been for its benefit, and that, by reason of his fiduciary relation, whatever title to plaintiff's property came to him is held as trustee for plaintiff. Of course, this principle of law is elementary, and must prevail here if the facts present those conditions. But we think they fail to do it, as may be readily seen from the following finding of fact made by the trial court. After hearing all the evidence the court found: "That on the nineteenth day of June, 1883, H. L. Robinson, owning the entire stock of the plaintiff, held a stockholders' meeting for the election of trustees. That said Robinson conducted the election and cast a ballot for the election of five trustees, as follows: H. L. Robinson, sixty-four thousand shares, A. Everett Ball, E. D. Sawyer, E. W. Scott, and C. A. Darby, each sixty-four thousand shares. That none of said parties owned any stock of plaintiff except Robinson. That immediately after the election aforesaid a trustees' meeting was held, and Sawyer, Scott, and Darby resigned; that thereupon E. S. Chester, James Blair, and H. S. Morey were elected to fill the vacancies caused by the resignations of Sawyer, Scott, and Darby. That at the time of said election the said Morey was not a stockholder, had no interest in the corporation, had no knowledge of the meeting of the stockholders or trustees, or of his election, and in no manner consented to be elected or to act as trustee of plaintiff. That on the third day of July, 1883, a certificate of one share of the stock of plaintiff was issued to said Morey; that said Morey did not know of the issuance of said share of stock, paid nothing for the same, nor did he authorize it to be issued to him. That

at some time subsequent to the third day of July, 1883, and prior to the twenty-third day of February, 1886, said share of stock was delivered to said Morey by H. L. Robinson; that he, Morey, has had possession of said share of stock ever since. That said Morey, at the time of the delivery to him of said share of stock by said Robinson, learned that he had been elected a trustee of plaintiff. That said Morey at no time acted as a trustee of plaintiff; that he was not at any time consulted as trustee by any officer or agent of plaintiff; that he did no act or thing whatever as trustee of plaintiff, and when for the first time he was notified in September, 1893, to attend a meeting of the trustees, he refused to act or to have anything to do with plaintiff or the other trustees at said meeting."

Upon an examination of the evidence we find this finding in all its material parts is fully supported; and such being the fact, the whole superstructure of plaintiff's case must fall, for the foundation upon which it was built has been absolutely undermined and taken away. We think such is the necessary and only construction to be placed upon this finding. It discloses that Morey was neither a director *de jure* nor *de facto*. Morey was not a director *de jure*, for he was not a stockholder of the corporation when elected. Section 305 of the Civil Code declares that the directors must be selected from the stockholders, and also declares that directors must be holders of stock in an amount fixed by the by-laws of the corporation. Conceding that the by-laws of the corporation plaintiff fixed no amount of stock to qualify a stockholder for election as a director, still, under the provision of the code quoted, the director must be a stockholder. He must own stock in some amount, or his election is invalid. The fact that Robinson gave Morey one share of stock, weeks and perhaps months after the day of election, of which share of stock "Morey has had possession ever since," entirely fails to meet the case, and is wholly lacking in curing the invalidities existing in his election. Neither is

Morey a director *de facto*. The rule of law for the protection of third parties as to the acts of *de facto* officers may well be doubted when applied between the corporation and its own illegally elected officers. It is said in *Corey* v. *Curtis*, 9 Nev. 339: "In order to protect third persons transacting business with such officers under such circumstances as to induce them to believe that they were dealing with legal officers, the law has reached out its strong arm to a dangerous extent upon the principle that, although not officers *de jure*, they were officers in fact, whose acts public policy required should be considered valid. Such a principle ought not to be extended to a case where the rights of the public are not affected, nor where all the parties interested have knowledge that the person pretending to be an officer is not an officer *de jure;* for in such a case the reason of the rule no longer exists, and the law should not be invoked for protection." But, conceding this principle of law is a proper one to be here invoked, still there is nothing in this finding to indicate Morey to be a director *de facto*. Upon the contrary, the showing prevents the drawing of any such inference. He never did an act as a director. He never accepted the office. He was never consulted as a director by any officer of the corporation. He never held himself out as a director in any way, and, when notified of a meeting of the directors some ten years after his alleged election, he repudiated his office. It is not necessary to cite authorities as to who are and who are not officers *de facto*, for we apprehend that no legal precedent may be found which would justify us in holding Morey a *de facto* director, as tested by the facts of this case.

We conclude that defendant Morey was neither a *de jure* nor a *de facto* director and trustee of the plaintiff corporation at the times set out in its complaint, and for such reason plaintiff fails to prove a cause of action. We find no error in the record authorizing a reversal of the judgment and a new trial of the case.

For the foregoing reasons the judgment and order are affirmed.

Harrison, J., and Van Fleet, J., concurred.

Hearing in Bank denied.