## EDWARD J. MURPHY

### *vs.*

## SAMUEL E. DELANO, AND HORATIO A. DUNCAN, and another, Trustees.

### Sagadahoc.     Opinion April 10, 1901.

*Will. Spendthrift Trust. Void Deed to Cestui que Trust. R S., c. 86, § 55.*

The law does not permit a will to be defeated by a separate indenture between the trustees and the cestui que trust not in conformity with the will.

Trustees were authorized by the will of a testator to turn over the whole estate to his son after he became thirty years of age, if in their judgment it would be for the best interest of the son and his heirs "for him to have possession and control of the whole of said residue." But it appeared from the terms of a trust deed from the trustees to the son, that in their judgment it was not for his interest to have control of the entire property, for the deed continued in the trustees the control of $25,000 of the estate and attempted to protect

the income payable to the son against either alienation by him or attachment by creditors.

*Held;* That such a stipulation, whereby the son became absolutely entitled to receive one-fourth of the income quarterly, is not in conformity with the the terms of the trust; and, if held operative, would have the effect to defeat the manifest purpose of the testator by making this income subject to the claims of creditors.

On report.    Defendant trustees discharged.

Trustee process by creditors, to enforce their claims against Samuel E. Delano, by an attachment of his interest under his father's will and administered by trustees of the will.

The case is stated in the opinion.

*F. E. Southard,* for plaintiff.

*J. M. Trott,* for trustees.

To impeach a deed of trust the proceedings should be by bill in equity, and in which defendant's wife and children should be parties.    *Nichols* v. *Eaton,* 91 U. S. 716;  *Broadway Nat. Bank* v. *Adams,* 133 Mass. 170.

SITTING :   WISWELL, C. J., EMERY, WHITEHOUSE, STROUT, FOGLER, JJ.

WHITEHOUSE, J.    The plaintiff is a creditor of Samuel E. Delano, and seeks by this trustee process to subject to the payment of his debt certain funds in the hands of these trustees, who were appointed by the probate court to execute a trust created by the will of Benjamin Delano, probated in 1875, and who had also been named as trustees in an indenture or deed of trust between themselves and the principal defendant and his wife, Annie T. Delano, executed in 1896.

Whether or not the trustees are chargeable in this proceeding is a question, involving, to some extent, the construction of the will of Benjamin Delano, and an inquiry into the validity and force of this indenture or deed of trust.

The twelfth item of the will, the consideration of which is specially involved in this case, reads as follows, to wit:

"Twelfthly.    All the residue of my estate, I leave in the hands

and under the control of my said Executors, to be, by them, held and prudently managed for the benefit of my son, Samuel E. Delano, and his lawful issue, if he should have any, as follows, to wit : If from sickness or any other cause my said son shall at any time, be in need of assistance from my said estate I hereby authorize my said Executors to pay to or for him such sum from said residue as in their judgment the circumstances of the case may require; and furthermore, I hereby authorize and direct my said Executors to, at any time, render to my said son such pecuniary assistance out of said residue of my estate as, in their judgment may be for the benefit of himself and his heirs, for the purpose of establishing himself in some business or in any way benefiting himself pecuniarily; and whenever after he shall have attained the age of thirty years, it will, in their opinion be for the best interest of himself and his heirs, I hereby authorize my said Executors, to pay the whole of said residue to my said son—But in case the time should never come when in the judgment of my said Executors, it would be for the best interests of my said son and his heirs, for him to have possession and control of the whole of said residue, I hereby direct my said Executors to retain the possession and control thereof, giving him from time to time such amounts as in their judgment, his comfort and necessities may require, and to devote such part thereof as in their judgment may be proper to the support and education of his lawful issue, if he have any, until they severally arrive at the age of twenty-one years when, whatever may remain of said residue is to be divided equally among said issue; reserving enough therefrom to provide a comfortable support for the said Samuel E. if he should be living at that time, during his natural life, said reserved sum to be equally divided among his children and their heirs after his decease; and if the said Samuel E. should die without leaving lawful issue and leaving the residue of my estate still in the hands of my executors, it is my will that said residue shall descend to his heirs at law."

In their disclosure the trustees represent that "in July 1896, the said Samuel E. Delano, being then of the age of forty-three, with a wife and family of small children, requested said trustees to

set apart a sum of $25,000 in such manner that it might be secured for the benefit of himself and family; and the trustees being advised and believing that it would be impracticable to carry out the provisions of said will in the precise form in which it is worded  .  .  .  .  agreed to hold said assets as then invested to the amount of $25,000" provided Samuel would execute an express deed of trust for that purpose, and thereupon the deed of trust above named was duly executed.   The trustees further state in the disclosure that "in order to settle our accounts as trustees under said will, receipts were passed between us and said Samuel, but the assets of the estate to the amount of $25,000 were retained in our hands as invested; and at the time of service of process in the above entitled action, we held in our hands as such trustees the principal sum of $23,695," and income to the amount of $179.25.

The deed of trust executed as above stated, makes it the duty of the trustees to hold the fund of $25,000 in trust, and  .  .  .  . "to pay over the net income quarterly in each year  .  .  .  . in the following manner:   One-quarter thereof to the said Samuel E. Delano so long as he may live, upon his personal receipt, but without any power of anticipation or alienation, and free from the interference or claim of any creditors of said Samuel; and the remaining three-quarters to the said Annie T. Delano, to be appropriated and expended by her according to her sound judgment for the benefit and behoof of the family of her and the said Samuel. Such payments to be and operate as a full release and discharge to said trustees."

By the terms of the twelfth item of the will, it is obvious that in the discretion of the executors, or of the trustees subsequently appointed to execute the trust, Samuel E. Delano would have only the life enjoyment of the income of a trust estate, and that his "lawful issue" thus have a contingent interest in the remainder which should give them the right to be heard in determining whether under a proper construction of the will the "residue" of the testator's estate was placed beyond the reach of the creditors of Samuel E. Delano.   It is, also, clear that the wife and children of Samuel E. Delano have a right to be heard in determining whether

the execution of the trust deed in 1896 was a legitimate exercise of the powers of the trustees; and if so, whether it could have the legal effect to protect the trust fund against the creditors of Samuel E. Delano. These considerations illustrate the propriety of a resort, in such a case, to the equity jurisdiction of the court where the rights of all parties interested could be determined by a creditor's bill, to which the wife and children of Samuel E. Delano would be necessary parties. But, inasmuch as the questions suggested have been argued by counsel in the case now before the court, it may be advisable, in order to prevent further litigation, to present other reasons which seem conclusive against the right of the plaintiff to have the trustees charged in this proceeding.

The doctrine of "spendthrift trusts" has been distinctly approved in an elaborate opinion by this court in *Roberts* v. *Stevens*, 84 Maine, 325, in which it was held, that a testator may give to his son for life the annual income of a trust estate with such qualifications and restrictions that the life tenant cannot alienate it nor his creditors reach it, and that it is not necessary for this purpose that the will should contain an express declaration that the son's interest in the trust estate shall be beyond the reach of his creditors, provided such appears to be the clear intention of the testator, as gathered from all parts of the will construed together in the light of circumstances. In such case it is the duty of the court to look to the intention disclosed by the whole instrument rather than to the language employed in any particular clause of it. See also *Munroe* v. *Dewey*, 176 Mass. 184, reported since the arguments in this case. "If it appear from the will" said Veazey, J., in *Barnes* v. *Dow*, 59 Vt. 530, "that it was the intent of the testator that the beneficiary should have nothing she could dispose of, it will be as effectual to protect the trust as if there were an express clause against alienation." "In *Grothe's Appeal*, 135 Pa. St. 585, the balance of a certain share of the testator's property was given to a trustee to pay the interest annually accruing thereon to one of his sons, and there was no clause protecting the income from attachment; but the court, construing the will in the light of all the circumstances, held that the income was exempt from the son's

creditors "though such intent was not clearly expressed by the scrivener."

Such immunity of the estate from the claims of creditors may, in like manner, result from provision made by a testator for the maintenance of his son, by which the portion of the income to be applied for his support and the time and manner of furnishing it, are left entirely to the discretion of the trustee. In *Keyser* v. *Mitchell, and Garnishees*, 67 Pa. St. 473, the question was whether the income created for the benefit of a son, by the will of his mother, was attachable in the hands of the trustee for the debts of the son. In that case the will also provided for a contingent disposition of the corpus of the property at the discretion of the trustee. In the opinion the court say: "Here nothing is given to the cestui que trust, excepting at the discretion of the trustee. It was no doubt intended by the testator that a comfortable maintenance should be provided from the trust estate for her son; but that was to be, both in amount and mode, "at the sole and absolute discretion of the trustee." . . . . To subject the income to executions at the suit of a creditor would end all discretion of the trustee over the income, and in effect utterly defeat the intention of the testator in creating it. We cannot but regard this form of trust to be as effectual in guarding a trust and its income against the prodigality of its beneficiary, as would be a positive exclusion of creditors in the will of the donor. Where the amount results from the discretion of the trustee, and that discretion is personal, no sum, eo nomine, exists to be attached. It only belongs to the cestui que trust when it is paid, or in some other way made over or set apart, to him. We think, therefore, the attachment in this case against the trustee was entirely inoperative to bind any interest of the defendant in the trust estate."

By the plain terms of the twelfth item of the will, in the case at bar, it was left entirely to the judgment and discretion of the executors (or of the trustees who succeeded them) to decide whether any part of the residue of the estate left in their custody and control should be applied to the support of Samuel E. Delano, and if so what portion, and when and under what circumstances it should

be paid.    This cestui que trust was to receive no part of the estate
except at the discretion of the trustees.    His interest was not abso-
lute, but contingent upon the exercise of their judgment and dis-
cretion.    The language of the will discloses a manifest intention on
the part of the testator to provide for the support of his son, as in
the judgment of the trustees his " comfort and necessities " might
require, but to protect the trust estate against the son's improvidence
and the claims of creditors by authorizing it to be kept absolutely
under the control of the trustees, and applied for the son's benefit
entirely at their discretion.

It is obvious that by such a provision, nothing was secured to
Samuel E. Delano as a matter of right which could be reached
even by a creditor's bill in equity; and it is expressly provided by
section 55 of chap. 86, R. S., that at law no person shall be
adjudged trustee by reason of anything " due from him to the prin-
cipal defendant, unless at the time of the service of the writ upon
him, it is due absolutely and not on any contingency."

It is suggested, however, that by virtue of the stipulation con-
tained in the deed of trust of 1896 above described, one-fourth
part of the income was made payable unconditionally to Samuel E.
Delano, and thus became subject to the claims of creditors.    For
it is not in controversy that, if the deed of trust was one which the
trustees were in other respects empowered to make, the provision
there found against alienation and the interference of creditors
would be inoperative; for while such a qualification of the estate
may be attached to a gift by the donor, it cannot be created by
private agreement between the trustees and cestui que trust in the
manner proposed in this deed of trust.

It is an elementary principle in the law of trusts, that " under
the general obligations of carrying the trust into execution, trustees
are bound, in the first place, to conform strictly to the directions of
the trust. . . . . The trust itself, whatever it be, constitutes
the charter of the trustee's powers and duties; from it he derives
the rule of his conduct; it prescribes the extent and limits of his
authority; it furnishes the measure of his obligation. . . . .
A trustee can use the property only for the purpose contemplated

in the trust and must conform to the provisions of the trust in their true spirit, intent and meaning, not merely in their letter." 2 Pomeroy's Eq. Jur. § 1062. In *Rife* v. *Geyer*, 59 Pa. St. 393, a testator gave to his son the income of a trust estate for life, with an express provision against alienation and liability for debts, and the trustee subsequently gave to the son a deed of the estate in fee simple. But this was declared in the opinion of the court to be "inoperative," because "it is not in the power of a trustee to destroy the trust." Quoting the language of the court in *Fisher* v. *Taylor*, 2 Rawle, 33, the opinion further states that "a different construction would make the beneficial interest, which the testator intended to provide for his son, subject to be sold for his debts, when he expressly declared that it should not be so subject, and would thus set up a new will in the place of that which it affected to interpret."

It is obvious that the deed of trust, between the trustees and the cestui que trust, in the case at bar, was not in conformity with the provisions of the will. True, the trustees were authorized by the testator to turn over the whole estate to Samuel E. Delano after he became thirty years of age, if in their judgment it would be for the best interest of Samuel and his heirs "for him to have possession and control of the whole of said residue." But, it appears from the terms of the trust deed that in their judgment it was not for his interest to have control of the entire property, for the deed continues in the trustees the control of $25,000 of the estate and attemps to protect the income payable to Samuel E. against either alienation by him or attachment by creditors. But the stipulation whereby Samuel became absolutely entitled to receive one-fourth of the income quarterly, is not in conformity with the terms of the trust, and, if held operative, would have the effect to defeat the manifest purpose of the testator by making this income subject to the claims of creditors. The trust should have been administered by the trustees in accordance with the directions of the testator. The law will not permit it to be destroyed by a separate indenture between the trustees and the cestui que trust.

*Trustees discharged.*