(69 Misc. Rep. 273.)

ELGER v. BOYLE et al.

(Supreme Court, Special Term, New York County. October, 1910.)

1. CORPORATIONS (§ 197*)—RIGHTS OF STOCKHOLDERS—POWER TO VOTE STOCK.
   The power to vote stock incidental to its ownership may not be taken from the holder in invitum, but he may qualify his ownership by his own consent that another may vote it for him, or may accept the ownership with a condition involving that consent.
   [Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 747, 749–763; Dec. Dig. § 197.*]

2. TRUSTS (§ 172*)—CONSTRUCTION.
   A will provided for formation of a corporation after testator's death to carry on his business, the stock to be held by his executors and testamentary trustees, and provided that whatever should be done in the corporation should be with the approval of his widow or such of certain persons named in the will as should serve as directors of the corporation or a majority of them, and that the stock in the corporation should be voted by the executors and trustees as directed by the persons named to serve as directors or their survivors, or such as should consent to act as directors, and that, in the event of their disagreement and the dissent of any two, the stock should be voted as the corporate executor or trustee should deem best. Held, that the executors and trustees held the corporate stock subject to the necessity of having their acts approved by the persons so designated.
   [Ed. Note.—For other cases, see Trusts, Dec. Dig. § 172.*]

3. TRUSTS (§ 172*)—CONSTRUCTION—"DISSENT."
   Where testator's son, though named as such, refused to act as director of the corporation, and testator's wife, who acted as such, disagreed as to voting the stock with the remaining persons designated as trustees who had accepted the trust, there was not a dissent of two of the directors within the meaning of the will so as to confer any authority as to voting the stock upon the corporate executor or trustee.
   [Ed. Note.—For other cases, see Trusts, Dec. Dig. § 172.*]

4. TRUSTS (§ 172*)—CONSTRUCTION.
   Where a testator appointed his wife, son, and a friend as executors and trustees and in the same clause coupled with their names, "and —— Trust Company," without specifying any trust company, he will not be deemed to have intended to create a "corporate executor or trustee" mentioned elsewhere in the will, and a provision therein for the exercise of a power in trust by such an executor or trustee is inoperative.
   [Ed. Note.—For other cases, see Trusts, Dec. Dig. § 172.*]

Action by Hannah B. Elger against Phoebe A. D. Boyle and others for construction of a will. Will construed.

David Leventritt and Norman S. Goetz, for plaintiff.

Charles Strauss and Eugene D. Boyer, for defendants Neuscheler and others.

Delos McCurdy, for defendants Boyle and others.

Horatio C. King, for defendant Phoebe A. D. Boyle.

BISCHOFF, J. The provisions of the will of John Boyle, deceased, material to the question of construction now before the court, are as follows:

"Sixth: If not done before my death, I direct my executors hereinafter named to cause the business now carried on by me under the firm name of

John Boyle & Company, to be incorporated under the direction of my wife, Phoebe A. D. Boyle, John H. B. Boyle, John Neuscheler, Charles D. Silleck, Frederick R. Thorns and Wilbur F. Randall, or such of them as will act as Directors, retaining also, if possible, in the employ of the Company, Charles E. Fitch, E. Clapp, A. Johnson, John Sullivan and George Reynolds. In the incorporation of any Company as above directed, whatever is done shall be done with the approval of my wife or such of the directors above named as shall serve or a majority of them."

"Fourteenth: That the stock of the corporation organized to continue my business now carried on under the name of John Boyle & Company, shall be voted by the executors and trustees as directed by the six persons above named to serve as directors of said proposed corporation, or their survivors or such of them as shall consent to act as directors; and in the event of their disagreement and the dissent of any two of their number, the stock shall be voted as the corporate executor or trustee shall deem best."

"Seventeenth. I hereby nominate and appoint my wife, Phoebe A. D. Boyle, my son, John H. B. Boyle, my friend, John Neuscheler, and —— Trust Company, as executors of this my last Will and Testament; and such of them as shall so act, I also nominate and appoint as trustees hereunder."

The corporation was formed in accordance with the sixth paragraph. John H. B. Boyle refused to join in the execution of the certificate of incorporation; and, while he was included as a director nominally, he never consented to serve as such, nor did he take any part in the affairs of the corporation. Indeed, his expressed sentiments were wholly inimical to the furtherance of the plan of an incorporated business; and, upon the evidence, it is clear that he did not become qualified to act as one of the persons whose voice should be heard in the direction to the trustees to vote the corporate stock within the intent of the sixth and fourteenth paragraphs, since he neither served as a director of the corporation, nor indicated a consent so to act. The remaining five persons named in the sixth paragraph did become qualified as actual directors, within the conditions of the will, and of their number the defendant Phoebe Boyle is alone in disagreement with the others.

A dissent of two, contemplated by the fourteenth paragraph, has therefore not arisen; but, since the defendants John and Phoebe Boyle, as a majority of the trustees, assert the right to vote the corporate stock, free from any direction on the part of the persons named in the sixth paragraph, judicial construction is sought by the plaintiff, who is interested as beneficiary of the trust, in the distribution of the corporate earnings under the will.

I find no force in the contention that the trustees, as holders of the stock, cannot be controlled in their manner of voting. The power to vote stock incidental to ownership of the stock itself may not be taken from the holder in invitum; but he may certainly qualify his ownership by his own consent that another may vote for him, as in the familiar instance of a vote by proxy, or may accept the ownership with a condition which involves that consent, as here. These trustees became possessed of the stock, not as their own asset, but solely by virtue of the will and of the conditions which the will imposed. One condition involved their consent to a restriction of their voting power, and no rule of law or of public policy is offended by giving effect to that consent. See People ex rel. Browne v. Koenig, 133 App. Div. 756–758, 118 N. Y. Supp. 136.

So far as paragraph fourteenth of the will attempted to provide for the contingency of a dissent of two of the class of persons named in the sixth paragraph, with respect to the voting of the stock, by confiding the determination of the dispute to "the corporate executor or trustee," that contingency has not arisen; for, as I have noted, there has been a dissent, not of two, but of one only among the qualified members of this class. The question is presented, however, as to the meaning of the words "the corporate, executor or trustee," since the class of persons empowered to vote the stock, in the event of the dissent of two, is not defined without resort to this phrase. If two dissent and there is no other voice to control the matter, then the trustees themselves, as holders of the stock, may vote it as they see fit, for their vote—the incident of title to the stock—would not be subject to any further conditions than those which the will serves to express.

When referring to a "corporate executor or trustee" in the fourteenth paragraph, the testator probably had it in mind to nominate some corporation to act. The will was drawn in this form and a blank space left before the words "Trust Company" in the seventeenth paragraph, wherein the executors and trustees were named. That the testator actually intended to create the office of "corporate executor or trustee" at the time when he executed the will, notwithstanding his omission to fill in this blank space, however, is not warranted, as a matter of judicial interpretation of his words. This is not a case of the mere omission to name a trustee to assume the duties of a designated trust. Trustees were named in the seventeenth paragraph to carry out the express trust created by the will; and, at best, an additional "corporate" trustee would have but a power in trust with respect to a direction to vote this stock. Had the testator omitted the seventeenth paragraph altogether, the court would have appointed a trustee to execute the trust so far as expressed by the will; but, without the seventeenth paragraph, there could certainly be no warrant for the appointment by the court of a "corporate trustee" to execute the voting power; the words of the fourteenth paragraph being too indefinite. These words receive their meaning simply from the presence of the words "Trust Company," preceded by a blank space, in the seventeenth paragraph, whereby trustees are designated. It is actually in the words of the appointment of the trustee that the existence of the power in trust must be sought, and words of appointment are not there. Whether the omission was deliberate or accidental, the thing needful to the expression of a trust power is lacking, not through inadvertence as a necessary inference, but quite as reasonably to be taken as an indication of deliberate intent. To find the expression of a trust power in these phrases, the court must do more than construe. It must construct, and this cannot be done. The question has to do with the testator's intention as gathered from the meaning of the words which he used in his will, not with his intention as assumed to exist irrespective of those words; and I am therefore constrained to hold that no power in trust is sufficiently indicated by this will as residing in a "corporate trustee" to justify the court's assumption of jurisdiction to give it effect.

I have noted, upon the proposed findings submitted by the parties,

my disposal of the requests to find. Form of decision and judgment may be presented on notice of settlement.

Judgment accordingly.