[S. F. No. 10054.   In Bank.—November 28, 1921.]

## HYGIENIC HEALTH FOOD COMPANY (a Corporation), Appellant, v. J. E. GRANT, Respondent.

[1] CORPORATIONS—SALARY OF MANAGER—DISQUALIFICATION OF DIRECTOR—ESTOPPEL.—A corporation which has received the benefit of the services of its general manager is estopped from asserting that one of its directors who voted for a resolution providing for an increased salary was not qualified to act as director.

[2] ID.—RIGHT TO INCREASED SALARY—EFFECT OF RESOLUTION.—Where a resolution fixing the salary of the general manager of a cor-

poration was limited in its operation to a period of six months, and thereafter the manager was paid an increased salary for a period of one year, the corporation cannot recover the amount of the increase, where more than three months after the expiration of the six-months period succeeding the passage of a resolution raising the salary the board of directors unanimously passed a resolution declaring that all payments made were fully authorized and that the same salary be continued the remainder of the year.

APPEAL from a judgment of the Superior Court of Alameda County. A. F. St. Sure, Judge. Reversed.

The facts are stated in the opinion of the court.

Welles Whitmore and Cyril C. Lotz for Appellant.

Greene & Sinclair for Respondent.

SHAW, C. J.—The district court of appeal in the above-entitled action rendered an opinion of which the following is a portion: .

"This is an appeal by the plaintiff from a judgment against it in an action to recover from the defendant, who was formerly its general manager and member of its board of directors, the sum of $300 claimed to have been illegally paid by the plaintiff company to the defendant as salary. The defendant had acted as such general manager for some time prior to February 1, 1918, and during that time, according to the testimony, had received a salary of $125 a month. From that time on, for a period of one year, the defendant was paid $150 a month. The increase of $25 a month for one year—$300—is the subject of this action.

"Payment of $150 a month to the defendant as salary, for a period of six months, was purported to be authorized by a resolution of the board of directors of the plaintiff company on February 19, 1918.

"The appellant argues two questions: 1. That this resolution providing for payment of $150 a month was invalid because not carried by the requisite number of votes of directors. 2. That if said resolution was valid, nevertheless, after the expiration of the period of six months covered by said resolution, the defendant was not entitled to $150

a month for his services while he continued in the employment.

"The action was for money had and received by the defendant for the use of the plaintiff, and the trial court found that the defendant was not indebted to the plaintiff, impliedly finding that the resolution was properly passed and that the salary of defendant was thereby fixed at $150 a month for six months. This view of the evidence finds some support in the record. It appears that there were five directors of the company. Two of these, admittedly, voted for this resolution. The defendant was present at the meeting, but was disqualified, by reason of his interest in the subject matter, to vote upon this resolution. The other directors were Cyril C. Lotz, who was secretary of the company, and Mr. Lewars, the president of the company, who was chairman of the meeting of the board. It is admitted that Mr. Lotz did not vote for the resolution. The dispute arises over the vote of Mr. Lewars. The original minutes of the meeting of February 19, 1918, where this question of increase of salary first came up for discussion, were written up by the secretary and were offered in evidence. They recite that the motion was duly made and seconded and that 'the motion thereupon was passed, the chair and the secretary not voting.' When these minutes were read at the following meeting of the board of directors, held on May 14, 1918, director Lawson, who had made the original motion, raised the question about the correctness of the minutes. He testified that when the minutes were read and he discovered that they were so written up as to convey the idea that Mr. Lewars had not voted on the resolution, he objected that they did not recite the fact, and asked that the erroneous portion be stricken out, and it was so agreed. Mr. Rogers, another director, also testified that at the meeting of May 14, 1918, director Lawson objected to the statement in the minutes of the previous meeting that 'the chair' had not voted, and such words were accordingly stricken out. It is true the minutes of May 14, 1918, do not recite this objection of Mr. Lawson that the minutes did not state the fact with reference to the vote of Mr. Lewars, but they do show an amendment which eliminates the recital that 'the chair' did not vote, and, to that extent, corroborate the testimony of the two witnesses

137 Cal.—28

just referred to. The portion of said minutes bearing upon this matter is as follows: 'Thereupon the secretary read the minutes of the meeting of the board of directors held on the 19th day of February, 1918, the said meeting being the last one at which the board had convened, director Lawson stated in reference to the clause "the chair and secretary not voting" in line 28 on page 140 hereof, that the secretary of a board of directors was not necessarily a director and that he thought they should be amended to state "director Cyril C. Lotz not voting." They were thereupon approved as so amended.'

"There is also testimony to the effect that the amendment was actually made on the face of the minutes by drawing a line through the entire clause 'the chair and secretary not voting,' and by writing in between the lines the words 'director Cyril C. Lotz not voting.'

"A witness for the defendant testified that she had made about twelve copies of the minutes of this meeting and that the words 'the chair and the secretary not voting' appeared upon the original copy as stricken out by having a line drawn through them; that she had seen these minutes up to within a month of the trial, when she was denied access to them. The testimony of director Lawson is that it was agreed at the meeting where said minutes were read that these words would be stricken out, and he thinks they were stricken out in his presence. The secretary, Mr. Lotz, upon producing the minutes in court, was asked about the line drawn through these words. There had evidently been an unsuccessful attempt made to erase this line. He explained it by saying that there had been some talk of amending the minutes to show that the chair did vote, and during such discussion the line was probably drawn through the words, but the amendment was not made and the line was afterwards erased. This testimony, together with the testimony of Mr. Lewars, merely raised a conflict in the evidence upon this point, and, assuredly, there is sufficient testimony in the record to indicate that the minutes were amended to conform to what was then conceded by all the directors, including Mr. Lewars and Mr. Lotz, to be the fact, i. e., that all directors, except the secretary and the defendant, actually voted for the resolution.

"It is true, as contended by appellant, that a statement in the minutes may be contradicted by other evidence, and that the testimony of Mr. Lewars that he did not vote is competent to contradict a statement to the contrary in the minutes. However, the record presents more than a mere statement in the minutes contradicted by the testimony of Mr. Lewars. It presents evidence that at the following meeting the question of whether or not Mr. Lewars actually voted for the resolution was under discussion. Two witnesses testified that at that time Mr. Lawson challenged the correctness of the statement in the minutes of the previous meeting that 'the chair' had not voted for the resolution; that his contention at this time was conceded to be correct, and the minutes were corrected to conform to this acknowledgment of the facts. As so amended, the minutes were then accepted and approved. All directors were present at that meeting, including the two who now contradict by their testimony the recital of the minutes so amended. The conflict is not, therefore, between a recital in the minutes and the testimony of Messrs. Lewars and Lotz, but a conflict between the testimony of these gentlemen at the trial and their admissions and acknowledgments regarding the facts made at an earlier time by the amendment and approval of the minutes. The trial court resolved this conflict in favor of the defendant, and with such determination we may not interfere.

"At the trial an attempt was made by the plaintiff to show that one of the men who was acting as director, and who voted for the resolution, did not actually hold stock in the company in his own name, and, therefore, was not qualified as a director. The court excluded such evidence upon the ground that it was immaterial. If he was not a director *de jure,* he was a director *de facto,* and that is sufficient to bind the plaintiff under the facts shown here. Appellant contends that the doctrine of *de facto* directors applies only between the corporation and innocent third persons and those who have no means of ascertaining the fact. The case of *Rozecrans Gold Mining Co.* v. *Morey,* 111 Cal. 114, [43 Pac. 585], cited by appellant, does not support this contention. The facts of that case make it entirely inapplicable here. It is there said that the rule

of law for the protection of third parties as to acts of *de facto* officers may well be doubted when applied between the corporation and its own illegally elected officers. In the present case, the question is not between the corporation and an illegally elected officer, as it was in the case of *Rozecrans Gold Mining Co.* v. *Morey, supra.* This is a case where a corporation has received the benefit of defendant's services under a resolution to compensate him therefor at the rate of $150.00 a month. The testimony is abundant that the defendant earned all of his salary, if not more. He supervised the mixing of the company's products, and managed all its business, devoting all his time to this work. [1] Having received the benefit of the defendant's services, we think the corporation is estopped to assert now that one of the directors who voted for the resolution providing for payment of defendant's salary was not qualified to act as a director. If it could question this increase in salary upon this ground, it could, upon the same logic, accept the services of all its employees, if they happened to own stock in the corporation, and then refuse to pay any of them because the resolutions authorizing payment were voted upon by a director not actually holding stock in his own name. The plainest principles of estoppel apply equally to both situations. We think the ruling of the trial court excluding this evidence was proper.''

The foregoing part of the opinion is approved.

[2] The appellant also contends that the judgment is excessive because of the fact that the resolution above referred to was limited in its operation to a period of six months and that thereafter there was no authority for the payment to the defendant of a salary, or, at all events, of anything in excess of $125 a month, which was the salary fixed by the by-laws of the corporation. The record, however, shows that on November 12, 1918—more than three months after the expiration of the first six months' period succeeding the passage of the resolution raising the salary to $150 a month—the board of directors unanimously passed a resolution declaring that all payments of $150 a month to Grant for his services as general manager made since February 1, 1918, were fully authorized and that the same salary be continued the remainder of the year. This was

full authority for the finding of the court that the defendant had not received any money for the use of the plaintiff on account of the payment to him of the additional $25 per month for the last six months for the year ending February 1, 1919.

The judgment is affirmed.

Lennon, J., Wilbur, J., Sloane, J., Shurtleff, J., and Richards, J., *pro tem.*, concurred.

Rehearing denied.

All the Justices concurred.