[Civ. No. 4169. Second Appellate District, Division One.—May 9, 1923.]

JAMES F. BRYSON et al., Respondents, v. ISAAC H. BRYSON et al., Appellants.

[1] CORPORATIONS — QUALIFICATION OF DIRECTOR — STOCKHOLDER.—A director of a corporation, at least as between him and the corporation, must be a stockkholder therein.

[2] ID.—OWNERSHIP — TRANSFER — INTENT — EVIDENCE — DISQUALIFICATION AS DIRECTOR.—A certificate of stock is only evidence of ownership; and an officer and director of a corporation, who owns only one qualifying share of stock, may transfer the same without having the certificate in his possession, and his act in issuing a new certificate to the transferee indicates, both as an individual owner and as an officer of the corporation, that a transfer was intended, and by such transfer he divests himself of all title to the stock and renders himself ineligible to be a director, notwithstanding the original certificate in his name is not surrendered to the corporation and canceled.

[3] ID.—DELIVERY OF STOCK TO TRUSTEE—ELECTIONS—VIOLATION OF TRUST.—Where all the stock of a corporation is delivered to a trustee and the trust agreement provides that the stock shall be voted "as a unit at all stockholders' meetings" of the corporation "that are held during the existence of the trust for the election of directors of said corporation for the persons in office as directors at the time such meeting or meetings are held," the election by the trustee of a director who is not at the time a director of the corporation is an act not in conformity with the terms of the trust and is outside the authority of the trustee.

[4] TRUSTS — REDUCTION TO WRITING — PRIOR DECLARATIONS. — The declarations of the trustor to his trustee in relation of the trust, made before the trust has been accepted, are to be deemed as a part of the declaration of trust, but when a declaration of trust is made in writing, all previous declarations by the same trustor are merged therein.

APPEAL from a judgment of the Superior Court of Los Angeles County. Bertin A. Weyl, Judge. Affirmed.

The facts are stated in the opinion of the court.

John F. Keogh, C. C. Mishler, E. W. Sargent, E. J. Vaughn and G. B. Colby for Appellants.

Newby & Palmer and O. L. Anderson for Respondents.

HOUSER, J.—This is an appeal from a judgment in favor of plaintiffs in an action brought under section 315 of the Civil Code to declare illegal and void the election of Isaac H. Bryson and Joseph S. Bryson as directors of the Bryson Estate Company.

Considering the fact that Joseph S. Bryson is one of the plaintiffs in the action and is a respondent herein, the appeal need be considered only with reference to the election of Isaac H. Bryson.

In the month of May, 1907, the Bryson Estate Company was organized as a corporation with a capital stock of $600,000, divided into 60,000 shares of the par value of ten dollars per share. One share each was subscribed by and issued to Isaac H. Bryson and six other persons, and those seven persons composed the board of directors for the first year of the life of the corporation. By-laws for the corporation were adopted which, among other things, provided that directors of the corporation should be elected by ballot at the annual meeting of the stockholders, and that they were to serve for one year and until their successors were elected. The by-laws also provided that shares of stock of the corporation might be transferred by the holder thereof by indorsement of the certificate of stock, but that no transfer should be valid until the certificate was surrendered and acknowledgment of such transfer entered on the books of the corporation.

Contemporaneously with the organization of the Bryson Estate Company, John Bryson, Sr., and Evaline Bryson, his wife, being the owners of a piece of property known as the Bryson Block, located in the city of Los Angeles, executed a declaration of trust wherein they agreed to grant to the Bryson Estate Company the real property upon which the Bryson Block was located. Among other things, the

declaration of truth further provided that all the stock of the Bryson Estate Company, to wit, 60,000 shares, less seven shares held by the board of directors, should be issued in the name of the Title Guarantee and Trust Company as trustee, to be held by it in trust for several purposes, including "(2) to vote said stock as a unit at all stockholders' meetings held during the existence of this trust for the election of directors of said corporation for the persons in office as directors at the time such meeting or meetings are held."

By an instrument of date May 21, 1907, the Title Guarantee and Trust Company acknowledged receipt of the entire stock of the Bryson Estate Company, including the seven shares issued to its directors, and in said instrument declared that the stock was to be held by it "in trust in accordance with that certain document [the declaration of trust] dated the twentieth day of May, 1907."

The minutes of the first meeting of the directors of the Bryson Estate Company, held on May 20, 1907, being the same day on which the declaration of trust was executed, among other things, contained the following: "And thereupon it was announced by each of the directors present that each of them was willing to join in said trust and deposit with the trustee hereinafter named their and each of their certificates of one share each in the capital stock of this corporation, and which was issued to them at the time of the incorporation of this company, the same to be held in trust according to the terms of said instrument. The said trust company above referred to is known as the Title Guarantee and Trust Company of Los Angeles, California."

All the directors of the Bryson Estate Company, with the exception of Isaac H. Bryson, were present at said meeting of the board of directors.

Following the organization of the Bryson Estate Company the trustee was present, either by authorized representative or "by consent," at all annual stockholders' meetings of that corporation, and (with the exception of the meeting of which complaint is here made), cast its ballot for directors in accordance with the requirement of the declaration of trust; that is, for the persons in office as directors at the time such meetings were held." Up to the time the eight certificates of stock representing the entire capital stock of the corporation were assigned to the trustee, there had been

a total of ten certificates issued, but one of them having been originally issued to John Bryson for 29,996½ shares and another certificate to Evaline Bryson for a like number of shares, these two certificates were surrendered and canceled, and in lieu thereof a new certificate for 59,993 shares was issued directly to the trustee. After that time, on account of resignations of various directors and the election of other directors in the places of those resigned, seven other certificates were issued by the corporation. In each case as a new certificate was issued to an incoming director, he assigned and delivered his certificate of stock to the trustee. Upon receiving the new certificate the trustee canceled the old certificate and surrendered it to the corporation—that is, the trustee followed such course as to three of the new certificates, but did not either cancel or surrender as to four of such certificates.

The ultimate questions to be decided are:

(1) Was Isaac H. Bryson eligible to be elected a director of the Bryson Estate Company on July 11, 1921?

(2) Was the trustee authorized to vote for the election of Isaac H. Bryson at the stockholders' meeting on July 11, 1921?

[1] It is settled law in this state, by reason of the statute, as well as by adjudications by the court of last resort, that a director of a corporation, at least as between him and the corporation, must be a stockholder therein. (Civ. Code, sec. 305; *Rozecrans Min. Co.* v. *Morey*, 111 Cal. 114 [43 Pac. 585]; *Seal of Gold Mining Co.* v. *Slater*, 161 Cal. 621 [120 Pac. 15].)

Isaac H. Bryson was one of the incorporators of the Bryson Estate Company and was among those directors who assigned their stock to and deposited it with the trustee to be held in trust in accordance with the terms of the trust agreement. At a special directors' meeting, held on April 18, 1918, Mr. Bryson, after having acted as a director and as vice-president of the corporation for many years, resigned as such director and officer, which resignation was accepted by the corporation to take effect as of date May 1, 1918. On the same day on which Isaac H. Bryson tendered his resignation as vice-president of the corporation and as a director therein, he issued a new certificate of stock to Jeneva L. Levy in lieu of the certificate of stock which had

theretofore been issued to him and which was on deposit in trust with the trustee herein. On the stub of the new certificate it was stated that the new certificate was in lieu of the certificate formerly held by Isaac H. Bryson. This new certificate was assigned in blank and delivered to the trustee, but the original certificate issued to Isaac H. Bryson was one of the original four certificates for which new certificates were issued and which original certificates were retained by the trustee in its possession, together with the new certificates issued to replace them. Jeneva L. Levy was thereupon elected by the board of directors to fill the vacancy on the board caused by the retirement of Isaac H. Bryson, who thereafter neither performed nor assumed to perform any duties either as a director or as an officer of said corporation, but his place on the board was filled by Jeneva L. Levy, who thereafter contiuously performed the duties of a director thereon from the date of her said election up to, including and after the eleventh day of July, 1921, being the date on which the trustee attempted to reinstate Mr. Bryson as a director on the board of the corporation. Beginning with May 1, 1918, and including July 11, 1921, there was no change in the personnel of the board of directors. At the adjourned annual meeting of the stockholders, held on July 11, 1921, the trustee was present and voted the 59,993 shares of stock for a board of directors, including Isaac H. Bryson and Jeneva L. Levy—Mr. Bryson being at that time not a member of the board of directors, and Jeneva L. Levy being a member thereof, having theretofore on the the eighteenth day of April, 1918, acquired from Mr. Bryson her qualifying share of stock in the corporation, as hereinbefore stated.

[2] A certificate of stock is only evidence of ownership, and notwithstanding the fact that the physical possession of the certificate of the Bryson stock was in the trustee, Bryson was none the less the owner of the stock itself. Whether he had possession or not of the certificate did not prevent him from making a valid transfer of the stock as between him and the transferee. In issuing a new certificate he clearly indicated, both as an individual owner and as an officer of the corporation, that a transfer ·was intended, and by such transfer he clearly divested himself of all title to the stock. The fact that as vice-president of the corpora-

tion, acting as the executive officer thereof in issuing a new certificate before the original certificate (in lieu of which the new certificate was issued) was surrendered to the corporation and property canceled, is of no materiality as affecting the question of transfer of title as between Bryson as an individual and the transferee of the stock. There is nothing in the record to show that Bryson ever acquired title to any other stock of the corporation, and 'hence it must be concluded that on July 11, 1921, he was not a stockholder and consequently was ineligible to be elected to office as director of the corporation.

[3] The trust agreement provides that the stock delivered to the trustee shall be voted ''as a unit at all stockholders' meetings of the Bryson Estate Company that are held during the existence of the trust for the election of directors of said corporation for the persons in office as directors at the time such meeting or meetings are held.''

It is a principle in the law of trusts that the directions contained within the trust agreement are the sole guide to the conduct of the trustee. It is to the trust agreement and to that only to which he must look for his orders and which orders, in the absence of conferred discretionary powers, he must strictly follow without question or hesitation. (Pomeroy's Equity Jurisprudence, sec. 1062.) .

In 26 Ruling Case Law, page 1372, it is said that ''it is an elementary principle in the law of trusts that in the execution of a trust, the trustee is bound to comply strictly with the directions contained in the trust instrument, defining the extent and limits of his authority, and the nature of his powers and duties.'' And in the case of *Murphy* v. *Delano,* 95 Me. 229 [55 L. R. A. 727, 49 Atl. 1053], the following language appears in the opinion of the court: ''It is an elementary principle in the law of trusts that, under the general obligations of carrying the trust into execution, trustees are bound, in the first place, to conform strictly to the directions of the trust. The trust itself, whatever it be, constitutes the charter of the trustee's powers and duties. From it he derives the rule of his conduct. It prescribes the extent and limits of his authority. It furnishes the measure of his obligation.''

More specifically, in a case of this kind in which the duty of casting a ballot at the stockholders' meeting is cast upon

a trustee, he is bound to comply with the restrictions contained within the trust instrument creating the trust. (Fletcher's Cyclopedia Corporations, p. 2804; *Byington* v. *Piazza,* 131 App. Div. 895 [115 N. Y. Supp. 918]; *Elger* v. *Boyle,* 69 Misc. Rep. 273 [126 N. Y. Supp. 946].)

Irrespective of the question as to who were members of the board of directors of the Bryson Estate Company on July 11, 1921, it is certain that Isaac H. Bryson was not a member thereof at that time, and under the directions of the trust (which the trustee was bound to follow), to the effect that the trustee should vote for the persons then in office as directors of the company, the election of Bryson by the trustee was an act not in conformity with the terms of the trust and was outside the authority of the trustee.

Appellants contend that the court erred in rejecting the proposed testimony of a witness which would have had the effect of explaining the inconsistency between the declaration of the trustors and the acceptance by the trustee and "give the court light as to what was the intention of the trustors" in that by the declaration of trust the seven qualifying shares of the directors of the corporation were reserved from the operation of the trust, while by the acceptance the receipt of those seven shares is acknowledged, with the statement that the entire capital stock is to be held in trust in accordance "with the said document" (the declaration of trust of date May 20, 1907).

Assuming, without deciding, that an ambiguity exists, the law probably favors appellants' contention. However, the situation of those seven shares of stock, whether within or without the trust, is of no materiality so far as a decision of the points involved in the action before the trial court was concerned. Its only interest was in determining, first, whether Isaac H. Bryson was a stockholder of the corporation at the time of the election in question; and, secondly, as to whether the trustee at that time voted the stock in accordance with the terms of the trust agreement. [4] There was neither an ambiguity nor a contradiction of provisions in the trust agreement with reference to either of the matters before the court, and in their absence, at least in the circumstances of this case, the rule is that the declarations of the trustor to his trustee in relation of the trust, made before the trust has been accepted, are to be deemed

as a part of the declaration of trust, except that when a declaration of trust is made in writing, all previous declarations by the same trustor are merged therein. (Civ. Code, sec. 2254.)

Other matters discussed in the respective briefs of counsel are incidental to the questions here considered.

No prejudicial error appearing in the record, the judgment is affirmed.

Conrey, P. J., and Curtis, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on July 7, 1923.