[Civil No. 4494.   Filed April 12, 1943.]

[136 Pac. (2d) 458.]

VALLEY NATIONAL BANK OF PHOENIX, a National Banking Association, and VALLEY NATIONAL BANK OF PHOENIX, a National Banking Association, as Trustee Under the Last Will and Testament of George W. P. Hunt, Deceased, Appellants, v. HARTFORD ACCIDENT & INDEMNITY COMPANY, a Corporation, Appellee.

Messrs. Baker & Whitney and Mr. Harold E. Whitney, for Appellants.

Messrs. Conner & Jones, for Appellee.

STANFORD, J.—This action was brought for premiums on a trustee's bond and is, therefore, on the face of the action, merely an action for debt, but primarily

the action was brought to challenge the legality of an order of the probate court.

Our late Governor George W. P. Hunt provided in his will in respect to the amount of bond to be given by the trustee of his estate, that a bond ''equal to 110% of my trust estate, excluding therefrom the value of my house on East McDowell Street,'' be given.

George W. P. Hunt passed away December 24, 1934, and his will was admitted to probate in January, 1935, in Maricopa County, Arizona. The will gave, devised and bequeathed all of the property of the testator, after payment of debts and funeral expenses, to the Valley Bank and Trust Company, predecessor of the appellant herein, as trustee. One-half of said estate was to be held in trust for the benefit of his daughter, Virginia Hunt Brannan, until January 1, 1945, the income therefrom to be paid to his said daughter. The other one-half of the trust estate to be held for the benefit of any child, or children, of Virginia Hunt Brannan, in equal shares until such child, or children, should reach the age of thirty years.

At the time of the institution of this action there had been born to Virginia Hunt Brannan two children, Carlton Hunt Brannan, born April 12, 1931, and Helen Duett Brannan, born September 19, 1936.

On June 2, 1936, a decree of distribution of said estate was entered in the probate proceedings therein, distributing the same to the Valley National Bank, successor to the Valley Bank and Trust Company, as trustee, and the court therein fixed the bond of the trustee at $168,000 in keeping with the request of the testator of the will.

The trustee thereupon requested the Hartford Accident & Indemnity Company, the appellee herein, to write the bond. The annual premium on said bond was $732, and the appellants paid to this appellee two of such premiums, and this action is brought for the

premiums for a period of three years, or a total sum of $2,196 and interest.

The bond herein was dated and approved the 26th day of September, 1936, and on the 29th day of September, 1938, on petition of appellants herein, was reduced to the sum of $1,000. The reduction was apparently based on the fact that the Valley National Bank had become a national banking association and operated pursuant to the National Bank Act, 11 U. S. C. A. § 1 et seq., and was also for the best interest of the estate. That said order of the court also exonerated the bond first given by the appellee for $168,000.

The appellee thereafter on the 5th day of October, 1938, wrote the bond for the trustee in the sum of $1,000, but at all times claimed that the original bond was still in full force and effect and could not be cancelled by the Superior Court sitting in probate. The appellant herein, when demands for premiums were made, refused the payment of same, and in an action prior to the one in this cause, commenced a proceeding in the Superior Court of Maricopa County entitled Valley National Bank, a National Banking Association, as Trustee of the Estate of George W. P. Hunt et al. v. Hartford Accident & Indemnity Company, a Corporation, et al., for a declaratory judgment to have certain features of the will construed. This action was later brought to this court, and on this feature of the case here involved we commented in our opinion which is recorded in 57 Ariz. 276, 113 Pac. (2d) 359, 362.

So far as the above case pertains to this action, we now quote the following:

" . . . as to the power of the probate court to reduce the amount of the surety bond the will directed to be given by the trustee, is one involving jurisdiction and not one the courts are authorized to decide by declaratory judgment. From the facts, it appears the trustee, Valley National Bank, petitioned the probate court

in the probate proceedings (In the Matter of the Estate of George W. P. Hunt, Deceased, No. 10502) to reduce the amount of the bond from $168,000 to $1,000, and that the court entered an *ex parte* order to that effect.

"In this action to secure a construction of the will the court is asked to determine if the probate court had jurisdiction to make such order. If the parties, or any of them, in the probate proceedings were dissatisfied with such order, they should have taken steps by appeal or other proceeding to have the order reviewed. The superior court cannot pass on the question in an action for declaratory judgment, for two reasons: (1) Because it would have no jurisdiction to review the probate order and (2) because the question is not one of those for a declaratory judgment.

"The court was without jurisdiction to pass upon the question of the power of the probate court to reduce the bond and that part of its judgment is reversed . . . ."

We are now satisfied, upon examination of the law, that the court was without power to make the requested reduction of the bond.

In the case of *Bryson* v. *Bryson*, 62 Cal. App. 170, 216 Pac. 391, 393, we quote the following:

"It is a principle in the law of trusts that the directions contained within the trust agreement are the sole guide to the conduct of the trustee. It is to the trust agreement and to that only to which he must look for his orders and which orders, in the absence of conferred discretionary powers, he must strictly follow without question or hesitation. Pomeroy, Eq. Jurisp. § 1062.

"In 26 Ruling Case Law, p. 1372, it is said that—

" 'It is an elementary principle in the law of trusts that in the execution of a trust, the trustee is bound to comply strictly with the directions contained in the trust instrument, defining the extent and limits of his authority, and the nature of his powers and duties.'

"And in the case of *Murphy* v. *Delano*, 1901, 95 Me. 229, 49 Atl. 1053, 55 L. R. A. 727, the following language appears in the opinion of the court:

" 'It is an elementary principle in the law of trusts that: "Under the general obligations of carrying the trust into execution, trustees are bound, in the first place, to conform strictly to the directions of the trust. . . . The trust itself, whatever it be, constitutes the charter of the trustee's powers and duties. From it he derives the rule of his conduct. It prescribed the extent and limits of his authority. It furnishes the measure of his obligation." ' "

The foregoing case, and the other cited therein, clearly expresses the view of this court in the matter of the bond in this case.

■ We affirm the decision of the Superior Court, and hold that the bond originally given by this appellee is still in full force and effect.

McALISTER, C. J., and ROSS, J., concur.