544 P.2d 1108

In the Matter of the **ESTATE** of Anna **CHAROULEAU, Deceased.**

The **ARIZONA CHILDREN'S HOME,** Appellant,

v.

**COMSTOCK HOSPITAL FOR CRIPPLED CHILDREN, Handmaker Jewish Nursing Home, Villa Maria de Guadalupe Nursing Home and Apartments, Pima Council on Aging, Young Men's Christian Association, American Baptist Homes of the West, Inc., Tucson Community Development Design Center, Episcopal Retirement Homes, and Tucson Housing Foundation, Inc., Appellees.**

No. 2 CA–CIV 1953.

Court of Appeals of Arizona, Division 2.

Jan. 26. 1976.

Rehearing Denied Feb. 24, 1976.

Review Denied March 16, 1976.

Bilby, Thompson, Shoenhair & Warnock, P.C. by James F. Morrow, Tucson, for appellant.

Murphy, Vinson & Hazlett by James M. Murphy, Tucson, for appellee Villa Maria de Guadalupe.

## OPINION

HATHAWAY, Judge.

The Arizona Children's Home appeals from a superior court order directing Southern Arizona Bank and Trust Company as trustee under the testamentary trust of Anna Charouleau to select a charity other than appellant to receive the trust funds.

The terms of the testatrix' will and codicil direct the trustee to establish a home for the aged poor of Pima County. She stated:

"It is my intention and desire to establish a home for the aged and needy persons who have been residents of Pima County, Arizona, for a period of ten (10) years at the date of application for admission to the Home, . . ."

She also made provision against the excessive use of alcohol and for the removal of undesirable lodgers.

The codicil provides that if the trustee determines there are insufficient funds to establish the home, he shall appoint five business people to an advisory board to review his decision. If they agree that the trust assets are insufficient, the trustee shall investigate the possiblity of securing other funds. If no adequate funding can be obtained, the codicil states that the trustee shall:

" . . . with the advice of the Committee and the consent of the Court, use the trust fund for the charity in Pima County, Arizona, most likely to carry out the purposes of this Trust, and in the event that there is no charity that would seem likely to carry out the purposes of this Trust, then I direct that the proceeds of this Trust be distributed to a charitable organization that will agree to use the fund for charitable purposes for the benefit of persons residing in Pima County, Arizona, and in that connection, I suggest that there be considered the Comstock Hospital for Crippled Children and the Arizona Children's Home, . . .

\* \* \* \* \* \*

I further direct that in the event the fund is distributed to another charity, if possible, that fund be used for the specific purpose of creating a permanent improvement to an existing charity in Pima County, Arizona, and if it is practical that the name CHAROULEAU be used in connection with such permanent improvement."

Since the trust assets were insufficient to establish a home, a committee was appointed. It narrowed the list of candidates down to four: appellant, the Arizona Children's Home; and appellees, Comstock Hospital for Crippled Children, Handmaker Jewish Nursing Home, and Villa Maria de Guadalupe Nursing Home and Apartments.

The committee ultimately recommended that the Arizona Children's Home be the recipient. It believed that no home met all the requirements set forth in the will. The committee also favored giving the money to an organization which would benefit the entire community.

The trustee accepted the committee's recommendation, and presented it to the court. The lower court rejected the choice of the Arizona Children's Home as recipient and

directed the trustee to select another organization. The court stated:

"The Court finds that there is sufficient basis for the determination that there are not adequate funds for the originally contemplated home which would be operated by the trust.

The Court further finds that the phrase 'the purposes of this Trust', as used in subparagraph(s) of the fifth paragraph of the will as amended by the codicil, refers to the providing of a home for the needy aged. In the event that it is not feasible to establish a new home to be operated by the trust, the Court finds that it was the intention of the testatrix that the estate be distributed to a charity other than one which will provide a home for the needy aged only if there is no charity in Pima County which would 'seem likely' to use the funds for such a home.

The executor-trustee and the advisory board must necessarily have found that there is no charity in Pima County which would seem likely to use the funds for a home for the needy aged. In so finding either the intent of the testatrix was not followed or else a decision was made which is clearly contrary to fact. The Court finds that a determination that there is no such charity in Pima County is without basis in fact and is incorrect, and that the decision which was made is not in accordance with the testatrix' intention.

In the event the originally contemplated home is not feasible, it is not necessary that the alternate charity to use the funds for the needy aged must follow exactly all of the requirements of the testatrix with regard to the size, design, operation, etc. of the originally contemplated home, in default of which the funds may be used for a charity other than one for the needy aged. It is only necessary that the alternate charity be one which 'would seem likely' to carry out the purpose of providing a home for the needy aged. Arizona Children's Home does not meet this standard. The Court further finds that the testatrix intended that the funds not merely be used for the general benefit of aged people, but that the funds be used to construct permanent and specifically identifiable quarters where needy aged would actually live, which specific quarters would bear the Charouleau name.

In the event there is more than one existing charity which will carry out Miss Charouleau's intentions and purpose, the charity which would appear to come the closest to the various specific guidelines set forth in the will and codicil should be the one selected. The Court further finds that the will and codicil require that the selection of the actual charity to receive the funds is subject to the consent of the Court.

IT IS THEREFORE ORDERED that the recommendation of the executor that the residuary estate be distributed to Arizona Children's Home is denied, and that the Court does not consent to such distribution."

We agree with the decision and reasoning of the trial judge. He correctly noted that the testatrix set up two categories of alternative recipients. First the trustee was to give the funds to the charity most likely to carry out the purposes of the trust; i. e., to serve the aged poor. Only if no such charity exists in Pima County were the funds to be given to a charity in the second category, which includes any charity in Pima County. There is no requirement that an existing charity be operated exactly the same as the home the testatrix contemplated.

Appellant argues that the will gives the trustee discretion in selecting the recipient and states that the court cannot substitute its judgment for that of the trustee. Restatement (Second) of Trusts, § 187 (1959).

█ The trustee was given some discretion in deciding which charity was most likely to carry out the purposes of the

trust, but it was not given discretion to choose an organization in the second category while there were qualified charities in the first category. Arizona law requires a trustee to strictly follow the instructions in the trust instrument. *Valley National Bank of Phoenix v. Hartford Accident and Indemnity Co.,* 60 Ariz. 286, 136 P.2d 458 (1943). The trustee's choice must be within the limits set forth by the trust. *Rowe v. Rowe,* 219 Or. 599, 347 P.2d 968 (1959).

The record shows that there are other organizations serving the aged poor in Pima County. Therefore the court properly refused to consent to the selection of the Arizona Children's Home.

Affirmed.

HOWARD, C. J., and KRUCKER, J., concur.