M. A. SMITH, as Liquidator of Volusia County Bank & Trust Company, v. ROBERT H. BOYD, *et al.*

161 So. 381.
Division A.
Opinion Filed March 21, 1935.
Rehearing Denied June 3, 1935.

*George I. Fullerton* and *J. U. Gillespie,* for Appellant; *Scarlett & Futch,* for Appellees.

Davis, J.—Smith, as Liquidator of Volusia County Bank & Trust Company, appeals from a final decree rendered in favor of appellees, a majority of the bondholders committee representing holders of first mortgage bonds issued by Putnam Hotel Company. The decree appealed from adjudicated that the Trust Company had rendered itself liable as a defaulting trustee to the bondholders of the first mortgage bonds above referred to, and impressed the payment of the liability as a preferred claim over any and all claims against the Trust Company out of a fund of $10,316.14 deposited with the State treasurer as security for the protection of trusts under the Florida Trust Company Act of 1911 (Section 6131 C. G. L., 4188 R. G. S.).

The facts of the case as disclosed upon the final hearing may be briefly sumarized as follows: On March 19, 1923, Putnam Hotel Company isued $100,000.00 first mortgage bonds, the Volusia County Bank & Trust Company being named as trustee. The bank acecpted the trust and was paid and collected compensation for its trustee services. In the mortgage simultaneously executed as security for the bonds so issued, it was expressly stipulated to be the duty of said Volusia County Bank & Trust Company "to pay and discharge or cause to be paid and discharged all taxes, rates, levies or assessments, ordinary or extraordinary, levied or imposed upon the premises and property mortgaged * * * the lien of which might or would be held prior or equal to the lien of this indenture, so that the same shall not fall into arrears and so that the priority of this indenture given to secure said bonds shall be preserved."

Subsequently the Putnam Hotel Company executed an issue of $50,000.00 second mortgage bonds secured by a second mortgage to said Volusia County Bank & Trust Company. The claim made by the bill of complaint filed in this case was predicated upon an alleged breach of duty on the part of Volusia County Bank & Trust Company, as trustee, in allowing taxes and prior liens to accumulate against the first mortgage security to the prejudice of the first mortgage bondholders, while paying out applicable moneys coming into its hands to the satisfaction of unearned as well as earned interest on the second mortgage bonds in preference to the payment of lawful taxes and liens of that character accruing against the mortgage security.

A master reported, and the Chancellor approved, a finding to the effect that the trustee, by so permitting the payment out of moneys, totaling $10,620.00 that should have been applied by the trustee to the satisfaction of taxes, etc., against the first mortgage bondholders' security, that the Volusia County Bank & Trust Company had breached the express undertaking of its trust agreement hereinbefore quoted, and that its breach in the premises was an act committed by it in bad faith. So the decree appealed from was therefore postulated in part upon a finding of misapplication of trust funds which the defendant trustee, Volusia County Bank & Trust Company (represented here by its liquidators) had made no effort to prevent.

Contained in the same trust instrument in which was included the hereinbefore quoted provision making it the duty of the bank, as trustee, to see that the taxes, etc., were kept paid, was a special provision which is as follows:

"The Trustee shall not be answerable for any act, default, neglect or misconduct of any of its agents or employees in

connection with the execution of any of the said Trusts, nor in any manner answerable or accountable, under any circumstances whatsoever, except for bad faith."

It is one of appellant's contentions that under this last mentioned clause no cause of action can exist for maladministration of the trustee, except such as may be predicated expressly upon an allegation and proof of bad faith on the part of the trustee as distinguished from a mere nonfeasance on its part.

The enforcement of a direct trust liability belonging exclusively to the jurisdiction of a court of equity, where the controversy is directly between the trustee and his *cestui que* trust, cannot ordinarily be defeated by the trustee on the ground of laches. Fisher v. Guidy, 106 Fla. 94, 142 Sou. Rep. 818 (text 820); Amos v. Campbell, 9 Fla. 187; Broome v. Alston, 8 Fla. 307; Carter v. Bennett, 6 Fla. 214; Anderson v. Northrup, 30 Fla. 612, 12 Sou. Rep. 318. So the objection of laches was properly rejected by the Chancellor below as an attempted defense on behalf of the alleged trustee in this case.

The trust agreement, which the bank accepted in its capacity as a trust company and undertook to carry out, provided that the trustee should not be answerable for neglects or defaults of its agents and employees, nor in any manner answerable or accountable whatsoever, except for bad faith. The provision just referred to was not designed to relieve the trustee of responsibility for the faithless performance of its trust in the particulars enumerated and specified in the trust instrument, nor can it be given any such interpretation consistent with the existence and enforceability of a lawful trust as such.

On the contrary, the clause of the trust agreement which undertook to limit liability was evidently intended to con-

firm in express contractual language an avoidance of imputed liability on the trustee's part, for any untoward consequences of the acts of its agents necessarily employed by it for the performance of its trust duties. Upon that construction of the clause, its validity is not only sustainable but is likewise made reasonably free from doubt on that score. See the rule on this subject adverted to in Thomas v. Carlton, 106 Fla. 648, 143 Sou. Rep. 780. (text 785).

It therefore follows that, under the circumstances of this case, no exemption from liability for the positive acts of malfeasance found against the bank in the discharge of its trust functions, can be sustained in favor of the Volusia County Bank & Trust Company, as trustees. This is so whether actual *mala fides* was charged or shown against the bank as a delinquent trustee, or not.

The principal holding in this case, however, is that the trustee breached and violated positive duties imposed upon the trustee by the trust instrument, in that said trustee pretended to pay, and caused and permitted the pretended payment of, unearned interest upon the second mortgage bonds in preference to the payment of lawful taxes due and unpaid, even after some of said taxes had become delinquent and prior in dignity to the first mortgage; also that thereafter such trustee continued to breach and violate its trust responsibilities by failing to invoke and carry out the provisions of the trust instrument relating to the discharge of taxes, rates, levies, or assessments required to be paid to protect the security for the bonds that had been issued, which provisions, had they been so invoked and timely enforced by the trustee, would have brought in funds for the protection of the security from loss under tax liens, or would at least have resulted in a foreclosure of the mort-

gage by the trustee for the first mortgage bondholders' protection.

The findings of the Master and Chancellor, both as to law and fact, appear to us to be correct, and upon such conclusion having been reached on our part, it is hardly necessary to say more than that the decree appealed from must be, and is hereby, affirmed.

Affirmed.

WHITFIELD, C. J., and BROWN, J., concur.

ELLIS, P. J., and TERRELL, and BUFORD, J. J., concur in the opinion and judgment.