N. Goldring v. Rachael Herskovitz, a married woman, by her next friend, Sylvia Herskovitz, and Sylvia Herskovitz, individually.

172 So. 239.
Division B.
Opinion Filed January 9, 1937.
Rehearing Denied February 12, 1937.

*Watson & Pasco & Brown,* for Appellant;
*Beggs & Beggs,* for Appellees.

Buford, J.—In this case appellees filed suit for accounting against the appellant.

The appeal is from an order and decree denying defendant's motion to transfer the cause to the law side of the Court for final disposition, which motion was made after pleadings were settled and testimony had been taken on depositions and before the Chancellor.

The order appealed from is as follows:

"This cause coming on to be heard upon the motion of the defendant to transfer said cause to the law side of this Court, and upon the application of the parties for a finding as to the *prima facie* sufficiency of the evidence introduced herein, and the Court having considered the pleadings and

testimony herein, and heard the argument of counsel, and having found that the evidence adduced by the complainant herein is *prima facie* sufficient to entitle the said complainants to a decree, and having found further that the said cause is cognizable in a court of equity, and the testimony sufficiently shows a case cognizable in a court of equity;

"It Is Ordered, Adjudged and Decreed:

"(1) That the said motion to transfer said cause to the law side of the Court be and the same is hereby denied, to which said ruling the defendant, by his attorneys then and there excepted.

"(2) That the evidence adduced herein by complainants is sufficient to entitle the complainants to a decree in this cause to which said finding the said defendant excepted."

The appellants have presented four questions in their brief, which are as follows:

"(1) Where the bill of complaint charges that various sums of money of an unknown total at various times between 1917 and 1929 had been deposited by the complainants with the defendant to be repaid to complainants on demand, and prays for an accounting and that the defendant be decreed to pay over the amount found due, and it develops from the testimony of the complainants that the amount claimed by them from defendant was definite and certain and known by them at the time of the filing of the bill, should the Court transfer the case to the law side of the Court?"

"(2) Where the only ground of equity jurisdiction is that an accounting is necessary to determine the amount due from the defendant to the complainants, and it appears after all the testimony of the complainants is in that there was no necessity for any accounting, and that the

only issue to be tried is whether defendant should pay to complainants a definite liquidated balance or not, should the court on application of the defendant transfer the case to the law side of the Court under the provisions of the Chancery Act?"

"(3) After all the complainant's testimony is in and it is apparent to the Court that complete relief could have been had (assuming complainant's claim to be well founded) in an action at law for money had and received, should the Court under the provisions of Section 75 of the Chancery Act order the case transferred to the law side of the Court?"

"(4) Where the bill of complaint and the evidence both show an unexcused delay of more than five years in bringing suit for an accounting for money had and received, is the complainant guilty of such laches as would deny him relief in a court of equity?"

We hold that the disposition of this case is not to be controlled by answers to those questions.

The bill of complaint was sufficient to show, and the evidence adduced sufficient to prove, that the appellant, defendant in the court below, became the voluntary trustee of the complainants and held various sums of money delivered to him as such in trust for the complainants. That such funds were delivered to him for safekeeping and to be returned to the complainants on demand. That he so received the funds but failed and refused to return same to the complainants on demand.

It is elementary that trusts are always matters of equitable cognizance. In the case of Kupferman v. McGehee, Trustee, *et al.,* 63 Ga. 250, the Supreme Court of that State, speaking through Mr. Justice BLECKLEY, said:

"Trusts are children of equity; and in a court of equity they are at home—under the family roof-tree, and around

the hearth of their ancestor. A court of law may entertain them; but when the case is complicated, especially when it has a flavor of fraud, equity will not banish them, and remit the parties to another forum. Equity delights in protecting trusts, and it delights no less in obliging trustees and trust estates to render to all men their due."

In the case of Royal Indemnity Co. v. Knott, 101 Fla. 1495, 136 Sou. 474, we went somewhat further than this and held:

"Where a bill of complaint seeks an accounting and discovery against trustees and their surety, and sets forth the complicated character of the accounts, the need of discovery and the existence of a fiduciary or trust relationship, such bill contains grounds upon which equitable jurisdiction may rest."

Thus, extending the relief to apply against sureties on the fiduciary's bond.

The contention that the complainants were barred by laches from enforcing their right against their trustee is also untenable.

In Smith v. Boyd, *et al.*, 119 Fla. 481, 161 Sou. 381, we held:

"The enforcement of a direct trust liability belonging exclusively to the jurisdiction of a court of equity, where the controversy is directly between the trustee and his *cestui que* trust, cannot ordinarily be defeated by the trustee on the grounds of laches. Fisher v. Guidy, 106 Fla. 94, 142 Sou. Rep. 818 (text 820); Amos v. Campbell, 9 Fla. 187; Broome v. Alston, 8 Fla. 307; Carter v. Bennett, 6 Fla. 214; Anderson v. Northrup, 30 Fla. 612, 12 Sou. Rep. 318. So the objection of laches was properly rejected by the Chancellor below as an attempted defense on behalf of the alleged trustee in this case."

See also cases there cited.

For the reasons stated, the order appealed from should be affirmed and it is so ordered.

Affirmed.

ELLIS, P. J., and TERRELL, J., concur.

WHITFIELD, C. J., and BROWN and DAVIS, J. J., concur in the opinion and judgment.