SEBRING, Justice.
The petitioner, Brown, seeks by this proceeding in certiorari to obtain a review by this Court of an order denying his motion to dismiss a complaint for restitution and injunctive relief filed against him by members of the respondent partnership, Skinner-Moser Sales.
The allegations of the bill are that Brown, in conjunction with one Beaver, who is not a party to this appeal, entered into a transaction with Robert Moser, an individual member of the partnership Skinner-Moser Sales, by which, without the consent of the partnership, Brown knowingly accepted from Moser certain partnership property, namely, a Bellanca aircraft and Ford automobile, in payment for a 1953 Oldsmobile purchased by Moser individually; that 'Moser took title to'the Oldsmobile in the name of himself and wife and received from Brown, in addition, a check drawn to him, Moser, personally,, in the amount of $1,700. The complaint further alleges that the transfer of the partnership property to Brown for the individual account of Moser was a fraud upon the partnership and known to be a fraud, at the time of its acceptance by Brown, and that accordingly, the partnership was entitled to hold Brown as constructive trustee of the property.
The ruling of the court below was “that the bill of complaint .states a cause of action for equitable relief.”
Petitioner’s theory, in attacking this order, is- that the partnership, in the circumstances alleged, has a full and adequate remedy at law, since the property involved is a chattel or chattels which are not unique in nature, and that consequently a suit in equity will not lie. -
We are of the opinion that this theory is not maintainable under the allegations of the complaint, at bar. While it has been broadly stated that a court of equity will not interfere with the- disposition of personal property unless the property is of such peculiar and intrinsic value to the owner that its loss cannot be com *222 pensated adequately in damages, this general rule is subject to the exception, recognized by this Court, that where a transfer of partnership assets is made “by one of the partners for the private debt of such partner and known to be so by the person \to whom trarusfer is made],” the partnership will not be bound and such transferee may be held as trustee. Lanier v. McCabe, 2 Fla. 32; Claflin v. Ambrose, 37 Fla. 78, 19 So. 628. The views of this Court on the subject are in harmony with the conclusions reached by the author of an early textbook in the field, wherein it is stated that a suit in equity for restitution will lie against one who participates in an unauthorized disposition of partnership assets if he knows or should have known of their character as such: “So if a separate creditor of one partner should knowingly aid in the misapplication of the partnership funds to his own debts, a court of equity would restrain him from so aiding in such misconduct; and if he had so improperly received the funds thereof, it would compel him to restore the same to the partnership.” Story on Partnerships, § 259, as cited in Rowley, Vol. II, § 814. (Emphasis supplied.)
In a Florida case involving disposition of ordinary trust funds the contention was made that equitable jurisdiction could not be invoked when upon a bill for accounting it appeared that the amount claimed was definite and certain; that the bill was therefore insufficient as one for an equitable accounting; and that a full and adequate remedy would be available at law. In overruling these contentions the -court held that the bill would lie even though no grounds for an accounting in equity had been shown, and the object of the suit was not to obtain restitution of unique property, but simply to recover funds for which defendant was accountable as trustee. Goldring v. Herskovitz, 126 Fla. 804, 172 So. 239. This same principle of fiduciary law is recognized as applicable to suits against one who knowingly accepts partnership property in violation of its trust purposes: “Even though what is transferred is money or a chattel which is not unique, the payor or transferor is entitled to maintain a proceeding in equity for specific restitution if the payment or transfer was procured by an abuse of a fiduciary or confidential relation.” Section 160(e), A.L.I.Rest. of Restitution. Accord Pomeroy on Eq.Juris-prudence, 5th ed., Vol. 4, § 1048.
From what we have said it follows that the petition for certiorari should be denied.
It is so ordered.
ROBERTS, C. J., and TERRELL and MATHEWS, JJ., concur.