207 So.2d 294 (1968)
CURTISS-WRIGHT CORPORATION, a Foreign Corporation, Appellant,
v.
Ernestine A. KING, As Executrix of the Estate of Royal H. King, Deceased, Appellee.
No. 67-682.
District Court of Appeal of Florida. Third District.
February 13, 1968.
Rehearing Denied March 12, 1968.
Smathers & Thompson and Earl D. Waldin, Jr., Miami, for appellant.
Podhurst & Orseck, Dixon, DeJarnette, Bradford, Williams, McKay & Kimbrell, Miami, for appellee.
Before PEARSON, BARKDULL and SWANN, JJ.
PER CURIAM.
This interlocutory appeal is from an order denying defendant's motion for a judgment on the pleadings. It comes to us as an appeal pursuant to F.A.R. 4.2, 32 F.S.A., which provides for interlocutory appeals in cases, among others, where the interlocutory order relates to jurisdiction over the person.
In March of 1960, the appellee filed her complaint in the circuit court of Dade County, Florida against the appellant and others. The complaint was for the alleged wrongful death of Royal H. King, appellee's decedent. The complaint alleged that the appellant, Curtiss-Wright Corporation, was doing business or engaged in business ventures in the State of Florida within the meaning of § 47.16 Fla. Stat., F.S.A. Service was effected upon the Secretary of State. A second summons was served upon *295 the appellant by service upon "E.F. Patrie, area supervisor." In July of 1960, appellant filed its motion to dismiss, alleging among other things, that no jurisdiction of its person had been obtained and that there was an insufficiency of process and an insufficiency of service of process. Appellant's motion to dismiss was denied in October 1960.
Thereafter the appellant, as defendant, answered and extensive discovery proceedings were had which extended over a period of time approaching almost seven years. In January of 1966, the appellant filed a suggestion of want of jurisdiction also entitled a motion for judgment on the pleadings. On May 23, 1967, the court denied the motion for judgment on the pleadings with the following language:
"ORDERED and ADJUDGED that service and jurisdiction over the defendant properly have been attained, and the suggestion and motion are denied. The court specifically finds based upon the entire record before it, including all pleadings, depositions, affidavits, and other evidentiary matter before it, that service was made upon a `business agent' of the defendant, resident in the state." [Emphasis supplied]
The main question presented on this interlocutory appeal is whether proper jurisdiction was obtained over the defendant, Curtiss-Wright, a foreign corporation. In effect, appellant asserts that service was ineffective since the tort allegedly did not arise out of the foreign corporation's activities in Florida.
The trial court found that service was made upon a "business agent" of the defendant, resident in the State. As reflected in the order herein appealed, this finding was based upon an entire record which included pleadings, depositions, affidavits and other evidentiary matter. The appellant has not brought before this Court the evidence upon which the trial court found proper jurisdiction. The only evidence in the record which could aid in a determination of the jurisdictional issue is a stipulation, entered into between the parties, which stated what E.F. Patrie would testify to if called as a witness.
The stipulation reveals that Mr. Patrie was a resident of Florida at the time of service and that he was area supervisor of field service for Wright Aeronautical Division. His main job was to co-ordinate and supervise the activities of field service representatives. The number of field service representatives varied from eight to fifteen. These representatives would submit reports regarding the experience of the airlines and military in the use of Wright engines.
We find it impossible, upon the record before this Court, to hold that the trial court erred in its finding that jurisdiction over the appellant was properly obtained by service upon a resident business agent. There is nothing presented which would show that the cause of action did not arise out of the activity of Curtiss-Wright in Florida.
The burden was on the appellant to demonstrate error in the findings of the trial court. When an appellant's contentions require a consideration of a record considered by the trial court and upon which that court based its decision, it is appellant's duty to present such a record. Broward County Port Authority etc. v. F.M. Rule & Co., Fla.App. 1960, 119 So.2d 82; City of South Bay v. Armstrong, Fla. App. 1966, 188 So.2d 21.
Affirmed.