226 So.2d 834 (1969)
Earl P. JONES, Beverly Jones Smith and Marjorie O. Jones, Appellants,
v.
The FIRST NATIONAL BANK IN FORT LAUDERDALE et al., Appellees.
No. 2526.
District Court of Appeal of Florida. Fourth District.
October 6, 1969.
*835 Guy B. Bailey, Jr., of Frates, Fay, Floyd & Pearson, Miami, for appellants.
Marshall G. Curran, Jr., of English, McCaughan & O'Bryan, Fort Lauderdale, for appellee-bank.
WALDEN, Judge.
Plaintiffs are beneficiaries of certain estates and trusts. They sued the executors and trustees alleging breach by the defendants of their obligations as executors and trustees in the management of the estates and trusts. Plaintiffs also ask for punitive damages and for the removal of the executor. Copies of the trust agreement, the wills and codicils were attached to the complaint. The circuit court dismissed the complaint as to the individual defendants, struck the claim for punitive damages and declared that it was without jurisdiction to remove the executor. Plaintiffs present this interlocutory appeal. We affirm.
We remind at the outset of several abstract fundamentals. The trial court decision is presumed to be correct. 1 Maloy, Florida Appellate Practice & Procedure, § 10.02. An appellant to succeed must demonstrate error. 1 Maloy, Florida Appellate Practice & Procedure, § 10.03. The appendices shall contain full copies of all pleadings and other parts of the record needed to determine the appeal. Rule 4.2 (d), Florida Appellate Rules, 32 F.S.A.
The duties, powers and liabilities of executors and trustees are ordinarily fixed by the terms of the will and trust agreement. See 90 C.J.S. Trusts § 247; Restatement of the Law, Trusts 2d, § 164 et seq. For instance, the trust itself, whatever it be, constitutes the charter of the trustee's power and duties. From the trust, the trustee derives the rule of his conduct, the extent and limit of his authority, the measure of his obligation. Valley National Bank of Phoenix v. Hartford Accident & Indemnity Co., 1943, 60 Ariz. 286, 136 P.2d 458.
The wills, codicil and trust agreement have not been included in the appendices, or otherwise presented in the appellate record for our consideration. Without them we are left without a gauge with which to measure the correctness of the trial court decision. To illustrate merely one possibility, a trust instrument may contain exculpatory provisions whereby a trustee may, at least in circumstances involving ordinary negligence and honest errors of judgment, be relieved of liability for breach of trust. Smith v. Boyd, 1935, 119 Fla. 481, 161 So. 381; Restatement of the Law, Trusts 2d, § 222; 1 Thomas, Florida Estates Practice Guide, Chap. 12, § 1.
The trial court order dismissing the complaint as to the individual defendants and *836 striking plaintiff's claim for punitive damages must be affirmed because of the failure of the appellant to furnish an adequate record. Curtiss-Wright Corp. v. King, Fla.App. 1968, 207 So.2d 294; City of South Bay v. Armstrong, Fla.App. 1966, 188 So.2d 21; Gross v. Gross, Fla.App. 1961, 131 So.2d 487; Broward County Port Authority, etc. v. F.M. Rule & Co., Fla. App. 1960, 119 So.2d 82.
We have considered, too, the action of the trial court in declining to exercise jurisdiction for the removal of the executor and are of the opinion that same has not been shown to be erroneous.
Affirmed.
CROSS, C.J., and OWEN, J., concur.