PER CURIAM.
This appeal is by the plaintiff below from an order granting motions of defendants to dismiss, and dismissing the complaint with prejudice, and denying plaintiffs application for leave to file an amended complaint. We find error, and reverse.
The complaint, filed February 24, 1971, showed that in 1946 plaintiff’s mother executed an irrevocable trust by a written instrument. Thereunder $48,000 was placed in trust, with provision for the income therefrom to be paid to the plaintiff during her life; and that upon death of the plaintiff the principal should be paid to her living descendants, if any, otherwise to her brother Julian Weinkle, if living, or if deceased then to his living descendents. Elsewhere in the trust instrument it was provided that the principal should be paid to the plaintiff during her lifetime, one-third when she became 25 years of age, one-third when she became 35 years of age, and the remaining third when she became 45 years of age. By virtue of certain provisions therein the parties in their briefs recognized and referred to the trust as being a spendthrift trust.
It was alleged that the plaintiff was born on March 19, 1935; that she became 25 years of age on March 19, 1960, at which time she became entitled to one-third of the principal, but did not receive the same. Thereafter on April 26, 1960, the trustee named in the trust instrument resigned, and the plaintiff’s brother, Julian Weinkle, succeeded as the trustee.
It was further alleged that on January 5, 1961, the trustee Julian Weinkle “prevailed upon and persuaded plaintiff to execute an instrument styled ‘Release and Assignment by Ernice Shirley Weinkle of Rights to Principal’ ” (a copy of which was attached to the complaint), by which the plaintiff assigned to her brother Julian Weinkle her right to receive the principal of the trust. Inspection of that assignment instrument shows that in relinquishing her right to receive the principal as provided for under the trust the plaintiff assigned “all of her rights and the property subject thereto” to (the trustee) Julian Weinkle and his successors and assigns. That paragraph appears to present an ambiguity as to whether the plaintiff thereby assigned to Julian Weinkle the right to receive the principal, or only the right to hold the principal as trustee and pay the income therefrom to *825 the plaintiff during her lifetime as provided for under the trust.
On April 26, 1968, the plaintiff’s brother Julian Weinkle resigned as trustee, and the City National Bank of Miami became the successor trustee. On March 23, 1970, the plaintiff delivered to the trustee bank a written instrument purporting to renounce and revoke her prior assignment of her right to receive the principal. At the same time the plaintiff made written demand upon the trustee to pay over to her two-thirds of the principal, she having then recently attained the age of 35 years. The trustee bank rejected that demand. Thereafter the plaintiff filed this action against the trustee bank, and against Julian Wein-kle and his children.
As ground for seeking a judgment setting aside her 1961 assignment of rights to receive the principal, the plaintiff alleged that such assignment had been made by her without benefit of legal advice, and without comprehending the consequences thereof, and that she had not been advised by her brother of the legal significance of her execution of such instrument. Plaintiff further alleged that she had been persuaded and unduly influence therein by her brother, who was then trustee, and that such action of the trustee constituted a breach of confidential and fiduciary relationship owed by the trustee to the plaintiff beneficiary.
Additionally, the plaintiff alleged that she was without knowledge as to whether she had received the full amount of interest to which she had become entitled under the trust, and demanded an accounting from the trustee bank.
A motion to dismiss was filed by the defendant Julian Weinkle and the other individual defendants who were his children. The grounds of the motion were that no cause of action was stated and that the action was barred by statute of limitations and laches. An order entered on March 22, 1971, granted that motion and dismissed the complaint as to those defendants, with prejudice. The plaintiff filed Appeal No. 71-533 from that order.
The defendant trustee bank filed an answer averring it was without knowledge as to the matters alleged and incorporated a counterclaim for attorney fees and other expenses to which it would be put in defending the case. Later the bank filed a motion to be dismissed, on the grounds of failure to state a cause of action against it; that the action was barred by statute of limitations and laches; and that the plaintiff’s alleged demand for an accounting from the trustee was insufficient, stating it had not refused to give an accounting and stood ready to do so. By a separate order dated March 22, 1971, the trial court granted that motion and dismissed the complaint as to the defendant bank, with prejudice. The plaintiff filed Appeal No. 71-534 from that order. Later, on May 4, 1971, the court entered an order denying a motion of the plaintiff for leave to file an amended complaint, to which the plaintiff filed an interlocutory appeal, No. 71-527.
We hold the trial court was in error in concluding that the complaint failed to set forth facts upon which relief could be granted, against Julian Weinkle regarding the instrument by which the plaintiff beneficiary assigned valuable interests in the trust to him while he was trustee, and against the defendant bank trustee, dependent upon the final decision as to the plaintiff’s case against Weinkle, and for an accounting. See Sewell v. Sewell Properties, 159 Fla. 570, 30 So.2d 361.
Neither the statute of limitations nor laches were grounds for dismissal of the complaint. A statute of limitations would not apply because this was not a law action, and § 95.02 Fla.Stat, F.S.A., indicates the absence of a statute of limitations for an action with respect to property interests and money held by trustees. Nor was the complaint, on its face, vulnerable to a contention of laches on motion to dis *826 miss. Delay alone is not basis to apply laches. If there are facts and circumstances which should so require, they are not shown on the complaint, and if they exist would be matters to be presented in defense of the action by answer. Anderson v. Northrop, 30 Fla. 612, 12 So. 318;" Smith v. Boyd, 119 Fla. 481, 161 So. 381, 382; Goldring v. Herskovitz, 126 Fla. 804, 172 So. 239; Sewell v. Sewell Properties, supra; 54 Am.Jur., Trusts § 580; 90 C.J.S. Trusts § 456.
Additionally, as to this trust which was recognized to be a spendthrift trust, a justiciable question was presented as to validity of a voluntary transfer or assignment by the beneficiary of a spendthrift trust of her right to receive benefits provided for therein. See Waterbury v. Munn, 159 Fla. 754, 32 So.2d 603; 3 Pom-eroy’s Equity Jurisprudence, § 989h; Restatement, Trusts, § 343, comments a and h.
The orders dismissing the complaint as to the defendants are reversed, and the cause is remanded for further proceedings. This disposition of the case makes it unnecessary to rule on the appeal relating to denial of leave to amend the complaint.
Reversed and remanded.