570 So.2d 1061 (1990)
Robin C. BUERKI, III, Appellant,
v.
Frances E. LOCHNER, Appellee.
No. 89-03549.
District Court of Appeal of Florida, Second District.
November 28, 1990.
*1062 Edward T. O'Donnell and Jeffrey D. Fridkin of Mershon, Sawyer, Johnston, Dunwody & Cole, Naples, for appellant.
Lawrence A. Farese and Cathy S. Reiman of Cummings & Lockwood, Naples, for appellee.
PARKER, Acting Chief Judge.
Robin Buerki, III, appeals the trial court's dismissal of his crossclaim and denial of leave to file complaint for intervention. Buerki alleges these rulings by the trial court prevented him from participating in actions regarding the alleged diversion by a co-beneficiary of certain funds from a trust that Buerki's father created. We affirm the dismissal of the crossclaim and reverse the order denying intervention.
In 1970 Robin Buerki, Jr. (Mr. Buerki) set up a revocable trust with his son, Robin Buerki, III (Robin) and Mr. Buerki's live-in companion, Frances Lochner, as the beneficiaries. In 1987, Mr. Buerki executed a second amendment to the third restatement of the revocable trust which incorporated the terms of a cohabitation agreement that he and Lochner had signed earlier. The cohabitation agreement required that Mr. Buerki sell his home in Pennsylvania and place the proceeds in the revocable trust within two months.
In December 1987, Mr. Buerki was admitted to the hospital where he remained for a lengthy period of time. In January 1988, Mr. Buerki sold the Pennsylvania home and netted approximately $279,000. Later that month, the proceeds from the sale of the house were deposited in a money market account in trust for Lochner. In April 1988, Mr. Buerki died. Lochner withdrew the funds from the money market account and deposited them at NCNB in a certificate of deposit in her name.
We are reviewing the rulings of the trial court in two separate cases which are consolidated in this appeal. In August 1988, NCNB National Bank of Florida, as trustee of Mr. Buerki's trust, filed an action for declaratory relief naming Robin and Lochner as defendants (Case I). In this action, NCNB requested the court to do the following: determine whether NCNB has the duty to obtain the $279,000 from Lochner; determine if the $279,000 is part of the trust's assets; determine whether Lochner must return the $279,000 to NCNB as trustee; and declare that the $279,000 be transferred into the registry of the court. Lochner filed a counterclaim against NCNB and a crossclaim against Robin, asking for a declaration of gift. Robin filed a crossclaim against Lochner, seeking imposition of a constructive trust over the funds derived from the sale of the Buerki family home. Lochner sought summary judgment, alleging that Robin lacked standing to pursue his crossclaim because only the trustee had the right to assert a claim to the property allegedly belonging to the trust. The trial judge granted the motion for summary judgment but gave Robin leave to amend his crossclaim. Robin *1063 filed a first amended crossclaim, alleging that his action for constructive trust was being brought "as and on behalf of the Estate of Robin C. Buerki, Jr." since the personal representative of the decedent's estate and the trustee of the trust, NCNB, had refused to seek recovery of the funds representing the sale of the Pennsylvania house. Lochner moved to dismiss Robin's first amended crossclaim on the basis of lack of standing. The trial judge granted Lochner's motion and dismissed the first amended crossclaim with prejudice, specifically finding that Robin lacked standing to seek recovery of assets on behalf of the decedent's estate or the trust.
NCNB, as personal representative of Mr. Buerki's estate, filed a complaint against Lochner, seeking to impose a constructive trust on the proceeds from the sale of the Pennsylvania house, on funds received from insurance policies, and on all monies Lochner received from Mr. Buerki from October 19, 1987, to the extent the monies were not identified specifically in the cohabitation agreement, and on all monies Lochner obtained from a Barnett Bank account. NCNB also requested an accounting from Lochner of all funds she received from Mr. Buerki other than those identified in the cohabitation agreement. (Case II) Robin filed a motion to intervene, which the trial judge denied.
Although the case authority is limited, we affirm the trial court's dismissal of Robin's crossclaim in Case I. A claim must be brought by or on behalf of the real party in interest. Kumar Corp. v. Nopal Lines, Ltd., 462 So.2d 1178 (Fla. 3d DCA), review denied sub nom. S.E.L. Maduro (Florida) v. Kumar Corp., 476 So.2d 675 (Fla. 1985). The trustee, the legal title holder to the trust property, would be the real party in interest to a suit brought to determine the trust's assets. 90 C.J.S. Trusts § 366 (1955). We, however, do recognize that the beneficiary may be a necessary party when the beneficiaries have conflicting interests. See G. Bogert, Trusts & Trustees § 593 (2d ed. revised 1980). In Case I, Robin can participate fully because he is a defendant in that suit. Further, Robin, in his crossclaim, sought to have a constructive trust imposed on the proceeds from the sale of the house. NCNB has asked for identical relief in Case II. As will be discussed below, Robin will be permitted to intervene in that action. We, therefore, are assured that Robin's interests are being protected.
The cases support Robin's complaint for intervention in Case II. Florida Rule of Civil Procedure 1.230 provides that anyone who claims an interest in pending litigation may assert that right by intervention. "[T]he beneficiaries of a trust are permitted to so intervene in a suit where the trustee is a party,... and he desires to secure its proper administration and distribution." Doke v. Williams, 45 Fla. 248, 251, 34 So. 569, 570-71 (1903). The standard that courts must apply when determining whether a person is entitled to intervene is whether that person has such a direct and immediate interest in the litigation that he either will "gain or lose by the direct legal operation and effect of the judgment." Morgareidge v. Howey, 75 Fla. 234, 234, 78 So. 14, 15 (1918). See also RHPC v. Gardner, 533 So.2d 312 (Fla. 2d DCA 1988). Robin has a direct pecuniary interest in the outcome of the action which NCNB has brought against Lochner; therefore, the trial judge abused his discretion in denying Robin the right to intervene. See Riviera Club v. Belle Mead Dev. Corp., 141 Fla. 538, 194 So. 783 (1939).
Affirmed in part; reversed and remanded for the trial court to reinstate Robin's complaint for intervention in Case II.
PATTERSON and ALTENBERND, JJ., concur.