BLUE, Judge.
Robert Vocisano (Vocisano) appeals the trial court’s denial of his motion to intervene in a foreclosure action in which the appellee, Barnett Bank of Naples (Barnett), is the plaintiff and George M. Vega, as trustee of land trust # 5002 (Vega), and Frank D’Agostino and Antonio D’Agostino (D’Agostino) are the defendants. Because Vocisano has a direct and immediate interest in the litigation, we reverse.
Vocisano and D’Agostino are two of three beneficial owners of land trust # 5002. Vocisano is the owner of a 32% interest, and D’Agostino is the owner of a 52% interest. The subject of the trust is a section of land in Collier County. Barnett seeks to foreclose a mortgage on the trust property in order to satisfy a $3,952,000 debt of D’Agostino.
Vega and D’Agostino have each filed pleadings in the foreclosure action, which seek to reform the mortgage and which allege that only D’Agostino’s 52% interest in the trust was intended to be pledged as security. Vocisano requests the right to intervene, claiming a direct and immediate interest in the litigation as a result of the claim for reformation. If the request for reformation is successful, Vocisano will retain his 32% beneficial interest in land trust # 5002. If it is unsuccessful and the foreclosure proceeds, Vocisano’s beneficial interest will be sold to satisfy the debts of his cobeneficiary, D’Agostino.
We understand Barnett’s fear that the controversy between Vocisano, on the one hand, and Vega and D’Agostino, on the other, may become the focal point of the litigation and unduly delay and complicate the foreclosure action. We feel certain this was a factor in the trial court’s discretionary denial of intervention. If the purpose of intervention was to allow litigation of all claims among Vocisano, Vega, and D’Agos-tino, we would agree with the trial court. We conclude, however, that the trial court erred in failing to allow Vocisano to intervene for the limited purpose of pursuing the claims already asserted by the defendants, Vega and D’Agostino.
We hold that under the peculiar facts of this case, the trial court abused its discretion by denying Vocisano’s motion to intervene for the limited purpose of assisting in asserting Vega and D’Agostino’s claim that the real property which was the subject of land trust # 5002 was never intended to be the security for the mortgage. To this extent only, Vocisano will gain or lose by the direct legal operation and effect of the judgment. See Buerki v. Lochner, 570 So.2d 1061 (Fla.2d DCA 1990).
Accordingly, we reverse and remand this matter to the trial court to allow Vocisano to intervene for the limited purpose set forth in this opinion.
SCHOONOVER, Acting C.J., and ALTENBERND, J., concur.