613 So.2d 108 (1993)
ST. MARTIN'S EPISCOPAL CHURCH, Appellant,
v.
PRUDENTIAL-BACHE SECURITIES, INC., Appellee.
No. 91-3540.
District Court of Appeal of Florida, Fourth District.
January 27, 1993.
Raymond J. Doumar, Jr. and John R. Gillespie, Jr. of Dykema Gossett, Fort Lauderdale, for appellant.
John D. Boykin, of Boose, Casey, Ciklin, Lubitz, Martens, McBane & O'Connell, West Palm Beach, for appellee.
FARMER, Judge.
The beneficiary of an express trust (St. Martins) has sued a securities dealer (Prudential-Bache) for damages from negligence and improper trading of securities. *109 The beneficiary had no direct dealings with the dealer. Rather, shortly after his appointment as trustee, the trustee had placed the trust's funds into an account with the dealer for investment purposes. It happens that at the time of his appointment the trustee was also a full time employee of the dealer and worked under its direction and control.
The beneficiary had also named the trustee as a party defendant in its lawsuit, but the trustee died during the pendency of this litigation. His personal representative was then substituted. Later, the beneficiary settled with the estate of the trustee, and the action was dismissed as against the estate of the trustee. The beneficiary now appeals a later order of the trial court granting a summary judgment[1] in favor of the dealer on the grounds that the beneficiary lacked standing to sue the dealer alone, after the settlement with the trustee's estate.[2]
We cannot agree that the trust beneficiary categorically lacked standing to sue the dealer under the particular facts alleged in this case. The beneficiary has carefully alleged that Prudential-Bache breached its duty of care in the selection, management and supervision of its employee who became the trustee. It has also alleged that the trustee deliberately embarked on a fraudulent scheme to generate additional commissions by excessive and improper trades  a practice commonly known as "churning" the account  with the knowledge, consent and approval of Prudential-Bache.
Issues of standing, as a prudential[3] question anyway, are undoubtedly affected by Florida Rule of Civil Procedure 1.210(a), which provides in part:
(a) Parties Generally. Every action may be prosecuted in the name of the real party in interest, but an executor, administrator, guardian, trustee of an express trust, a party with whom or in whose name a contract has been made for the benefit of another or a party expressly authorized by statute may sue in his own name without joining with him the party for whose benefit the action is brought. All persons having an interest in obtaining the relief demanded may join as plaintiffs and any person may be made a defendant who has or claims an interest adverse to the plaintiff. [e.s.]
We read the text of this rule as one of enlargement, rather than of limitation. Indeed, it is all but expressly assumed in this rule that a beneficiary of a trust may sue someone other than the trustee for something. Its function is to add that the trustee may sue for the beneficiary as well, even though the beneficiary is thought to be the "real party in interest."
Although in dicta, at least one court of this state has stated unequivocally that a beneficiary of a private trust has the power to maintain a lawsuit to enforce the trust. State of Delaware v. Florida First National Bank, 381 So.2d 1075, 1077 (Fla. *110 1st DCA 1979). It is not surprising, therefore, that standing to sue  as to property of the trust, anyway  is thus recognized a priori by the rule in favor of the beneficiary.[4]
Moreover, we do not agree with the trial court that section 737.405, Florida Statutes (1991),[5] while it may appear to have some surface connection to the case, controls the issue of standing to sue. That statute has as its purpose the protection of third parties to whom trust property is conveyed, where the third party has no knowledge of any defect in their grantor's authority or use of trust powers. We hardly see any relevance between this statute and a claim that a securities dealer has improperly combined with a trustee, who happens to be employed by it as an a securities broker, to churn a trust investment account to make unnecessary stock trades and thereby earn unwarranted commissions and dissipate the trust assets.
We hold that the facts alleged by this beneficiary are sufficient to allow it to present evidence in support of its claims.
REVERSED.
GLICKSTEIN, C.J., and OWEN, WILLIAM C., Jr., Senior Judge, concur.
NOTES
[1] Although the trial court decided the case on a motion for summary judgment, his decision was not based on any lack of evidence to support the beneficiary's claims. It was instead bottomed on the court's conclusion that the beneficiary lacked standing to bring its own independent claim against the dealer, Prudential-Bache.
[2] Appellant makes no contention on this appeal that either section 46.015 or 768.041, Florida Statutes (1991), prevent the settlement with the estate of the trustee from operating to release or extinguish the right of the beneficiary to continue with the suit against the dealer. To be sure, the dealer is undeniably alleged to have acted in the role of a joint tortfeasor with the employee/trustee. For that matter, appellee makes no contention that the trustee is an indispensable party, i.e. a party whose presence is absolutely necessary for the suit. In view of these omissions, our decision presumes, without deciding, that neither one of these omitted contentions would have changed the result.
[3] We distinguish between constitutional standing under article III, U.S. Const., and the judgemade, or prudential, rule of standing. Although we agree with Judge Mann's observation that "not much that is written about standing is worth reading," General Development Corp. v. Kirk, 251 So.2d 284, 285 (Fla. 2d DCA 1971), we do feel that his definition of the concept is about as good as any and thus quote it here. "Standing is, in the final analysis, that sufficient interest in the outcome of litigation which will warrant the court entertaining it." 251 So.2d at 286. That is what we mean when we refer to prudential standing.
[4] Whether the beneficiary will prevail on the claim is not an issue implicated by an inquiry into a question of prudential standing. In other words, the concept of standing should not be confused with the elements or merits of the claim. Cf. General Development Corp. v. Kirk, 251 So.2d 284 (Fla. 2d DCA 1971) ("the same court deals with the problem as if it is not one of `standing,' but of right.").
[5] 737.405 Third persons protected.  With respect to a third person dealing with a trustee or assisting a trustee in the conduct of a transaction, the existence of trust powers and their proper exercise by the trustee may be assumed without inquiry. The third person is not bound to inquire whether the trustee has power to act or is properly exercising the power. A third person without actual knowledge that the trustee is exceeding his powers or improperly exercising them is as fully protected in dealing with the trustee as if the trustee possessed and properly exercised the powers he purports to exercise. A third person is not bound to assure the proper application of trust assets paid or delivered to the trustee.