PER CURIAM.
Appellants, who are distributees of a terminated marital trust, challenge an order appointing a successor trustee to the trust. The trust provided for income to the settlor for life and termination of the trust upon the income beneficiary’s death. The income beneficiary is now deceased. A trustee is needed to wind up the trust because the previous trustees resigned. *1113 Appellants’ main complaint is that the court failed to follow the trust’s provisions regarding the appointment of a successor trustee. They cite to the trust provision which provides first for the income beneficiary or beneficiaries to try to agree on a successor trustee. Because the income beneficiary is deceased, however, that provision of the trust was inoperative. Instead, the operative provision provides for the appointment of a successor trustee by the court upon the trustee’s resignation. Therefore, there was no error in the trial court’s order appointing a successor trustee.
As to appellants’ claim that the appointed trustee was biased, appellants have failed to supply us with a record of the hearing on this issue. Therefore, the trial court’s ruling is presumed to be correct. See Applegate v. Barnett Bank of Tallahassee, 377 So.2d 1150, 1152 (Fla.1979).
Affirmed.
WARNER, KLEIN and SHAHOOD, JJ., concur.