PER CURIAM.
Appellant, Michael P. McMullin, is the trustee and beneficiary of an inter vivos trust. That trust owns the rights to a contract with Appellees. McMullin brought this suit on the contract in his *929 capacity as trustee. The trial court entered final summary judgment, finding that McMullin lacked standing to bring the action because the trust provided that it would terminate on the settlor’s death (which had occurred prior to the filing of the action).
By statute, a trustee has the power to “prosecute actions, claims or proceedings for the protection of trust assets and of the trustee in the performance of his or her duties” until final distribution of the trust assets. § 737.402, Fla. Stat. (2003). After a. trust terminates, a winding up period is usually necessary. See Hamilton v. Donahue, 847 So.2d 1112 (Fla. 4th DCA 2003). Even if the beneficiary may have the right to complain that a winding up period is being unduly extended by litigation brought by, the trustee, the party sued does not. The summary judgment was thus erroneous. We have considered appellees’ “right for the wrong reason” arguments and find that none of them support entry of summary judgment.

Reversed.

WARNER, KLEIN and TAYLOR, JJ., concur.