# FIFTH DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

———————————————

Case No. 5D22-1114
LT Case No. 2021-CA-12890

———————————————

JENNIFER ROLLER, ANDREA
SOULE, and KATHLEEN DOUD,
as beneficiaries of the
James G. Collins Trust u/a/d
August 30, 1990,

       Appellants,

 v.

JUDITH R. COLLINS and CYPRESS
TRUST COMPANY, as successor
trustee of the James G.
Collins Trust u/a/d August
30, 1990,

       Appellees.

_____/

On appeal from the Circuit Court for Brevard County.
Michelle L. Naberhaus, Judge.

Stanley A. Bunner, Jr., of Law Office of Stanley A. Bunner, Jr.,
PLLC, Naples, for Appellants.

Scott A. Weiss and R. Daniel Sirois, of Scott A. Weiss, P.A.,
Fort Lauderdale, for Appellees.

October 20, 2023

BOATWRIGHT, J.

Appellants, Jennifer Roller, Andrea Soule, and Kathleen Doud, appeal the trial court's order dismissing Count I of their amended complaint for statutory reimbursement from Appellee, Judith R. Collins, as beneficiaries of the James G. Collins Trust (the "Trust"). In particular, Appellants argue that the trial court erred in dismissing Count I because the Trust is an accommodation party pursuant to section 673.4191, Florida Statutes (2021), and because, as beneficiaries of the Trust, they have standing to sue for statutory reimbursement. We agree that the trial court properly dismissed Count I of the amended complaint and affirm.

## I.

In 2013, James G. Collins ("Grantor"), as Grantor/Trustee, executed the Trust, which was a revocable living trust. In 2018, James G. Collins, individually and as trustee of the Trust, and Judith Collins ("Collins"), individually, took out a loan from Northern Trust Company ("Northern Trust"). In doing so, they executed an amended promissory note with respect to a loan obligation in the amount of $1,288,000.00 (the "Note"). That same day, Grantor, individually and as trustee of the Trust, executed a separate agreement pledging certain securities accounts held in the Trust as collateral on the Note (the "Pledge Agreement"). According to Appellants' amended complaint, the proceeds of the Note were used for the personal benefit of Grantor and Collins, with the bulk, if not all, of the proceeds being used for the betterment and maintenance of their home, located in Melbourne Beach, Florida. Collins now holds sole legal title to the home, which is not a Trust asset.

In 2019, Grantor died, rendering the Trust irrevocable, and Cypress Trust Company ("Cypress Trust") became the successor trustee under the terms of the Trust. Subsequently, Northern Trust declared the Note to be in default for failure to make the required monthly payments and demanded the total outstanding balance of $980,340.78, plus interest. Cypress Trust, acting in its capacity as the successor trustee, then liquidated the securities pledged in two of the Trust's accounts to satisfy the outstanding amounts owed on the Note in the amount of $988,867.82. No funds from Grantor's estate were applied to satisfy the Note, nor were any of Collins' individual funds used to satisfy the amounts owed. In addition, Cypress Trust did not seek any funds from Collins. The Trust satisfied the Note in full.

As a result of these events, Appellants sought reimbursement from Collins. Initially, Appellants filed a complaint that was dismissed without prejudice. Subsequently, Appellants filed an amended complaint against Collins and Cypress Trust, with Count I being a claim for statutory reimbursement pursuant to section 673.4191 and Count II being an action entitled "judicial instruction."

Thereafter, Collins filed a motion to dismiss the amended complaint, in which she argued that Count I of the amended complaint should be dismissed for failure to state a cause of action for statutory reimbursement on two bases. First, she asserted that section 673.4191 applies only to natural persons and, therefore, is inapplicable to entities or trusts. Second, she contended that Appellants lacked standing to bring this action, as they were merely contingent beneficiaries under the Trust, and they had not otherwise alleged that they were parties to the contract or transaction, which would confer standing to sue on behalf of the Trust. In regards to standing, Collins further asserted that even if a cause of action under section 673.4191 were available to the Trust, Cypress Trust, as the successor trustee, would be the only proper party to bring an action for damages resulting from the transaction, not the contingent beneficiaries of the Trust.

After a hearing on Collins' motion to dismiss, the trial court dismissed Count I with prejudice and Count II without prejudice. In its order, the trial court concluded that the Trust was not an accommodation party under section 673.4191. It also noted that even if section 673.4191 did apply, it would be Cypress Trust, acting as successor trustee on behalf of the Trust, that would have standing to seek reimbursement from Collins, and not Appellants. Appellants then voluntarily dismissed Count II of the amended complaint. The instant appeal follows.

II.

"Appellate courts review an order granting a motion to dismiss de novo." *Dziegielewski v. Scalero*, 352 So. 3d 931, 932 (Fla. 5th DCA 2022) (citing *Mlinar v. United Parcel Serv., Inc.*, 186 So. 3d 997, 1004 (Fla. 2016)). "When considering a motion to dismiss, courts must confine their review to the four corners of the complaint." *Thomas v. St. Vincent's Med. Ctr., Inc.,* 48 Fla. L. Weekly D1602 (Fla. 5th DCA Aug. 11, 2023); *see also K.C. Quality*

*Care, LLC v. Direct Ins. Co.*, 357 So. 3d 181, 181 (Fla. 5th DCA 2022) ("It is well-established that when considering a motion to dismiss a complaint, trial courts are confined to the allegations contained within the four corners of the complaint . . . ." (citing *Deutsche Bank Nat'l Tr. Co. v. Lippi*, 78 So. 3d 81, 84 (Fla. 5th DCA 2012))). "The allegations set forth in the complaint must be assumed to be true and all reasonable inferences arising therefrom are taken in favor of the plaintiff." *Dziegielewski*, 352 So. 3d at 933 (citing *Mlinar*, 186 So. 3d at 1004).

## A.

First, Appellants contend that the trial court erred when it found that the Trust could not constitute an accommodation party subject to the provisions of section 673.4191. Appellants' arguments involve the interpretation of section 673.4191.

When interpreting a statute, Florida courts adhere to the "supremacy-of-text principle," meaning that "[t]he words of a governing text are of paramount concern, and what they convey, in their context, is what the text means." *Ham v. Portfolio Recovery Assocs., LLC*, 308 So. 3d 942, 946 (Fla. 2020) (quoting Antonin Scalia & Bryan A. Garner, *Reading Law: The Interpretation of Legal Texts* 56 (2012)); *see also Richman v. Calzaretta*, 338 So. 3d 1081, 1082 (Fla. 5th DCA 2022) ("As our supreme court recently explained, when interpreting a statute, Florida's courts 'follow the "supremacy-of-text principle" . . . .'" (quoting *Ham*, 308 So. 3d at 946)). In applying the supremacy-of-text principle, each word in the text "is to be expounded in its plain, obvious, and common sense, unless the context furnishes some ground to control, qualify, or enlarge it." *State v. McKenzie*, 331 So. 3d 666, 670 (Fla. 2021) (quoting Joseph Story, *Commentaries on the Constitution of the United States* 157–58 (1833), *quoted in* Scalia & Gardner, *Reading Law* at 69).

Section 673.4191 is entitled "Instruments signed for accommodation." Pursuant to subsection 673.4191(1), an "accommodation party" is a party to an instrument who "signs the instrument for the purpose of incurring liability on the instrument without being a direct beneficiary of the value given for the instrument." The party who receives the benefit is the "accommodated party." § 673.4191(1), Fla. Stat. (2021). Thus, "accommodation parties remain directly accountable to the holder of the instrument and legally responsible, in contribution, to their

4

co-accommodation makers." *Palma v. S. Fla. Pulmonary & Critical Care, LLC*, 307 So. 3d 860, 865 (Fla. 3d DCA 2020) (citing *Dobrow v. Bryant*, 427 So. 2d 809, 810 (Fla. 5th DCA 1983)). Subsection 673.4191(5) provides that "an accommodation party who pays the instrument is entitled to reimbursement from the accommodated party and is entitled to enforce the instrument against the accommodated party."

Neither chapter 673 nor section 673.4191 defines the term "person" or "a party" as a trust. However, section 671.201, Florida Statutes (2021), contains general definitions that apply to chapter 673. *See* § 671.101(2). Section 671.201(29) defines a **"party"** as "a **person** who has engaged in a transaction or made an agreement subject to this code." § 671.201(29), Fla. Stat. (2021) (emphasis added). Under section 671.201(30), a "**person**" is defined as "an individual; corporation; business trust; estate; **trust**; partnership; limited liability company; association; joint venture; government; governmental subdivision, agency or instrumentality; public corporation; or any other legal or commercial entity." § 671.201(30), Fla. Stat. (2021) (emphasis added). Thus, a "trust" is a person or party for the purposes of section 673.4191.

In confining ourselves to the four corners of the amended complaint and accepting the allegations of the amended complaint as true, Appellants sufficiently alleged that section 673.4191 applies to the Trust under the unique facts of this case. First, the parties did not dispute in the lower court proceedings that the Note constitutes a negotiable instrument under section 673.4191(1). *See Palma*, 307 So. 3d at 864 (applying section 673.4191 to a promissory note because a promissory note is a negotiable instrument within the meaning of chapter 673). In addition, the amended complaint alleges the Note was issued for Collins' benefit; and as such, Collins could be an accommodated party within the meaning of section 673.4191(1).

Grantor, as the then-trustee of the Trust, signed the Note and the Pledge Agreement. In doing so, Grantor, as trustee, pledged Trust assets as collateral for the Note and, acting as trustee, obligated the Trust to repay the debt. Put differently, Northern Trust could have independently sought contribution from either the Trust, Grantor, or Collins, and it would have been Northern Trust's right to enforce the Note against any of the three parties, which supports Appellants' claim that the Trust was an accommodation party. *See* § 673.4191(2), Fla. Stat. Further, the

amended complaint alleged that the Trust did not receive a benefit. *See* § 673.4191(1), Fla. Stat.; *see also Lyons v. Citizens Com. Bank of Tallahassee*, 443 So. 2d 229, 231 (Fla. 1st DCA 1983) ("In determining whether such a person is to be afforded the status of an accommodation party, several factors are to be considered, including . . . whether the party received any benefit from the transaction . . . ." (internal citations omitted)). As a result, it appears that the Trust could qualify as an accommodation party under section 673.4191(1). Once the Trust paid the debt owed by Collins, it had the right to recover the funds from Collins pursuant to section 673.4191(5).[1]

However, in this action, it is not the successor trustee seeking reimbursement from Collins on behalf of the Trust. Rather, Appellants, as the contingent beneficiaries under the Trust, are suing Collins to require her to reimburse the Trust. Thus, we must decide whether Appellants have standing to bring this action against Collins.

## B.

"Generally, one has standing when he has a sufficient interest at stake in the controversy which will be affected by the outcome of the litigation." *Wheeler v. Powers*, 972 So. 2d 285, 288 (Fla. 5th DCA 2008) (quoting *Gieger v. Sun First Nat'l Bank of Orlando*, 427 So. 2d 815, 817 (Fla. 5th DCA 1983)). "However, standing encompasses not only this 'sufficient stake' definition, but the at least equally-important requirement that the claim be brought by or on behalf of one who is recognized in the law as a 'real party in interest,' that is, 'the person in whom rests, by substantive law, the claim sought to be enforced[.]'" *Kumar Corp.*

---

[1] We note that the trial court's decision was based on the belief that both the Grantor and trustee of the Trust were one in the same under the terms of the revocable trust. As a result, the trial court's primary basis for dismissal was that the same person could not both be an accommodated and accommodation party based on the unique nature of a revocable trust. We do not decide whether this analysis is correct because, even if it is, at the time the debt was paid, the trust had become irrevocable, and Collins, who was neither a grantor nor the trustee of the Trust, was an additional party to the transaction (as a comaker). This made section 673.4191 applicable as to Collins and the Trust.

*v. Nopal Lines, Ltd.*, 462 So. 2d 1178, 1183 (Fla. 3d DCA 1985) (citing Author's Cmt. to Fla. R. Civ. P. 1.210, 30 Fla. Stat. Ann. 304, 306–07 (1967); 3A J. Moore, *Moore's Federal Practice,* ¶ 17.02 (2d ed. 1984)).

As we will explain, Florida law has long recognized that it is generally the trustee, and not a beneficiary, who is the real party in interest with authority to bring an action on behalf of the trust. *See Buerki v. Lochner*, 570 So. 2d 1061 (Fla. 2d DCA 1990) (holding that the trustee, the legal title holder to the trust property, would be the real party in interest to a suit brought to determine the trust's assets); *see also First Union Nat'l Bank v. Jones*, 768 So. 2d 1213, 1215 (Fla. 4th DCA 2000) (holding that a trustee "is merely the legal entity who is sued when an action is brought against" a trust). *See generally* Cady Huss & Elizabeth Hughes, *The Real Party in Interest: Trustees*, Actionline Vol. 20, no. 2 (Winter 2018–2019) (a publication of the Florida Bar Real Property, Probate, and Trust Law Section discussing the legal principle that the trustee, rather than the beneficiary, is the real party in interest when bringing an action on behalf of the trust). Accordingly, Florida Rule of Civil Procedure 1.210(a) provides that "every action may be prosecuted in the name of the real party in interest," and recognizes that the trustee of an express trust may bring a suit on behalf of the trust.

Both rule 1.210(a) and Florida's court decisions are in accordance with the longstanding principles governing the trustee's authority to act on behalf of the trust. As a general rule, the trustee may exercise the power conferred upon it by the terms of the trust and all powers that an owner would have over the trust property. *Jones v. First Nat'l Bank in Fort Lauderdale*, 226 So. 2d 834, 835 (Fla. 4th DCA 1969) (providing that the "duties, powers and liabilities of executors and trustees are ordinarily fixed by the terms of the . . . trust agreement" (internal citations omitted)). "From the trust, the trustee derives the rule of his conduct, the extent and limit of his authority, the measure of his obligation." *Id.* (citing *Valley Nat'l Bank of Phoenix v. Hartford Accident & Indem. Co.*, 136 P.2d 458 (Ariz. 1943)).

Likewise, except as otherwise provided in the terms of the trust, the Florida Trust Code grants the trustee broad duties and powers. § 736.0105, Fla. Stat. (2021). Under section 736.0815, Florida Statutes (2021), the trustee is accorded "any other powers appropriate to achieve the proper investment, management and

7

distribution of the property," as well as "any other powers conferred by the [Florida Trust Code]." § 736.0815(1), Fla. Stat. Specifically, section 736.0816, Florida Statutes (2021), entitled "Specific powers of trustee," provides that a trustee may "prosecute or defend, including appeals, an action, claim, or judicial proceeding in any jurisdiction to protect trust property or the trustee in the performance of the trustee's duties." § 736.0816(23), Fla. Stat.; *see also McMullin v. Beaver*, 905 So. 2d 928, 929 (Fla. 4th DCA 2005) ("By statute, a trustee has the power 'to prosecute actions, claims or proceedings for the protection of trust assets and of the trustee in the performance of his or her duties' until final distribution of trust assets." (internal citations omitted)).

Finally, except to the extent modified by the Florida Trust Code or otherwise under Florida law, the common law of trusts still applies. *See* § 736.0106, Fla. Stat. (2021). Notably, the common law provides that the real party in interest in litigation involving a trust is the trustee. 90A C.J.S. *Trusts* § 575; 76 Am. Jur. 2d, *Trusts* § 601 (stating that the "trustee . . . is the real party in interest in litigation involving trust property"); *see also* 76 Am. Jur. 2d, *Trusts* § 602 (stating that "a trustee is a necessary party to assert or defend title to trust property, particularly in an adjudication of the rights of the beneficiaries in a trust").

This common law rule is premised on the fact that "the trustee has a title (generally legal title) to the trust property, usually has its possession and a right to continue in possession, and almost always has all the powers of management and control which are necessary to make the trust property productive and safe." George G. Bogert & George T. Bogert, *The Law of Trusts and Trustees* § 869, Westlaw (database updated June 2023). Since "the trustees are the parties in whom the trust fund is vested and whose duty it is to maintain and defend it against wrongful attacks or injury tending to impair its safety or amount," then, "it is the duty of the trustee to institute actions, intervene in actions pending, and, in any other way, in accordance with orderly procedure, protect the trust property." 90A C.J.S. *Trusts* § 578. As a result, any interference with these interests of the normal trustee is thus considered a wrong to the trustee and "gives him a cause of action for redress or to prevent a continuance of the improper conduct." Bogert § 869. Therefore, "although the beneficiary is adversely affected by such acts of a third person, no cause of action inures to him on that account," and "the right to

sue in the ordinary case vests in the trustee as a representative." *Id.*

For these reasons, the beneficiary generally is not eligible, in the absence of special circumstances, to bring or enforce a cause of action that runs to the trustee. *Id.* Ordinarily, then, a beneficiary may not sue a third party "to recover possession of the trust property," either "for himself or the trustee," and a beneficiary additionally may not sue a third person "for damages for conversion of or injury to the trust property, or for recovery of its income, or to compel an agent of the trustee to account, or to enjoin a threatened injury to trust property by a third person." *Id.*

We are aware that many common law authorities recognize exceptions to the general rule that only "a trustee may maintain a proceeding against a third party on behalf of the trust and its beneficiaries." Restatement (Third) of Trusts §107. For instance, if a conflict of interest arises between the trustee and a beneficiary, then that may confer standing on the beneficiary to sue a third party in a proceeding related to the trust or trust property. *Id.* at cmt. (c)(2) (commenting that if the trustee is unsuitable or unable to protect the beneficiaries because of the trustee's conflicting interests, then that may justify an action by a beneficiary against a third party); *see also* Bogert § 869 (remarking that where the trustee has an adverse interest to that of a beneficiary then the beneficiary may bring an action against a third person).

However, Appellants do not argue a common law exception on appeal. Rather they argue that they have standing because they are the "real party in interest," by relying on our sister court's holding in *St. Martin's Episcopal Church v. Prudential-Bache Securities, Inc.*, 613 So. 2d 108 (Fla. 4th DCA 1993). But as we will explain, we think Appellants read that opinion too broadly.

In *St. Martin's*, a beneficiary of a trust brought an independent claim against a securities dealer and the trustee, where a conflict of interest arose with the trustee. *Id.* at 108–09. In particular, the beneficiary alleged that the securities dealer and the trustee who was employed by the securities dealer, colluded to "churn" an investment account to make unnecessary stock trades and earn unwarranted commissions which dissipated trust assets. *Id.* at 109. The trial court dismissed the action, ruling that the beneficiary lacked standing. *Id.*

In reversing the trial court, the district court held that the beneficiary had standing to bring an independent action against the securities dealer in regard to trust assets under the "particular facts" of the case. *Id.* In its reasoning, the court read rule 1.210(a) as "one of enlargement, rather than limitation" and stated that even though the trustee can sue, "it is all but expressly assumed in this rule that a beneficiary of a trust may sue someone other than the trustee for something." *Id.* As such, the court stated that under the facts of the case, the beneficiary had standing and could be considered the real party in interest. *Id.*

Based on *St. Martin's,* Appellants argue that a beneficiary is actually the real party in interest to sue a third party on behalf of the trust. We disagree. Appellants' position would contradict the longstanding common law rule that absent certain exceptions, the real party in interest is the trustee. 90A C.J.S. *Trusts* § 575. Instead, we read *St. Martin's* as merely honoring a common law exception to the rule when the trustee has a conflict of interest. *See* Restatement (Third) of Trusts § 107; Bogert § 869; *see also Kent v. Kent*, 431 So. 2d 279 (Fla. 5th DCA 1983) (holding that beneficiaries of trust could maintain an independent action for a constructive trust regarding trust assets when there was a fraudulent conspiracy between the trustee and a third party to transfer real estate).

While *St. Martin's*, perhaps imprecisely, uses sweeping language, its holding is confined to the "particular facts" of the case as stated by the court. 613 So. 2d at 109. We disagree with Appellants' position that *St. Martin's* stands for the broad proposition that the beneficiary is actually the real party in interest to bring an action against a third party on behalf of the trust. Rather, we agree with the ruling in *Buerki*, that generally the trustee is the real party in interest to bring an action on behalf of the trust. *Buerki*, 570 So. 2d at 1061. Absent any argument that a common law exception applies, Appellants have not demonstrated that they have standing to bring an action against Collins for statutory reimbursement.

### III.

In sum, the Trust, as the accommodation party, is the only party that could bring an action to recover funds from Collins under section 673.4191. Since Cypress Trust, as successor trustee, would be considered the real party in interest, it would have been

the proper party to bring the action on behalf of the Trust. As Appellants have not raised on appeal any common law exception that would allow them to proceed against Collins on behalf of the Trust, we agree with the trial court's ruling that Appellants did not establish standing to bring this suit. *See City of Miami v. Steckloff*, 111 So. 2d 446, 447 (Fla. 1959) ("It is an established rule that points covered by a decree of the trial court will not be considered by an appellate court unless they are properly raised and discussed in the briefs."). Therefore, we affirm the order dismissing the amended complaint.

AFFIRMED.

WALLIS and EISNAUGLE, JJ., concur.

_____

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

_____